# WILLIAM WESTLAKE et al. v. B. J. ANDERSON et al.

## (156 N. W. 925.)

**Diversified farming — county — petition for levy — revenues to promote — county commissioners — refusal to make levy — mandamus — writ — order — appeal — discretion withheld — statute mandatory.**

1. Upon petition therefor of more than 25 per cent of the taxpayers of Ward county, filed in 1913, a levy was made in 1913 and 1914, under § 2263, Comp. Laws 1913, to promote diversified farming. In 1915 the board of county commissioners refused to levy a tax for such purposes upon the 1913 petition as a basis, claiming a further levy to be within the discretion of said board. Mandamus was brought, and from a writ directing a levy an appeal has been taken by the board.

*Held:* No discretion was vested in said board. Upon a valid petition filed "the board of county commissioners *shall annually* make an appropriation and levy a tax upon all taxable property of the county for the purpose of promoting diversified farming," quoting from the act, § 2263. Under this explicit direction an annual levy is required to be made, and the writ was properly issued.

**Annual levy — for diversified farming — relief from — legislature — statute — placing command of — discretion.**

2. The legislature alone has power, by future legislation, to relieve from such future annual levy directed. Because no provision for its discontinuance is made, it cannot be presumed that any discretion to discontinue the levy was vested in the board, contrary to the plain command of the statute that the board "shall annually make" a levy for said purposes.

**Legislative power — delegation of — county board — acts of — ministerial.**

3. Said act constitutes no delegation of legislative power. The board acts only ministerially, and its only duty is to obey the statute.

Opinion filed February 11, 1916. Rehearing denied March 6, 1916.

Appeal from the District Court of Ward County, *Leighton,* J. Affirmed.

*R. A. Nestos,* State's Attorney, and *O. B. Herigstad,* Assistant State's Attorney, for appellants.

If § 2263 of the 1913 Compiled Laws is construed to mean that a petition once filed makes it the duty of the county commissioners to levy such tax each year thereafter, then the law is unconstitutional, in that

it is a delegation of power to a minority of the voters of a county. N. D. Const. art. 2.

*Thompson & Wooledge,* for respondents.

This law is mandatory. No discretion is vested in the board of county commissioners. When a valid petition is filed, it becomes their duty to act at once and make the levy. Comp. Laws 1913, § 2263; Atty. Gen. v. Eau Claire, 37 Wis. 400; 37 Cyc. 725; State ex rel. Goodwin v. Nelson County, 1 N. D. 88, 8 L.R.A. 283, 26 Am. St. Rep. 609, 45 N. W. 33; Brodhead v. Milwaukee, 19 Wis. 658, 88 Am. Dec. 711; Soliah v. Cormack, 17 N. D. 393, 117 N. W. 125; 28 Cyc. 1663; Bauman v. Ross, 167 U. S. 548, 42 L. ed. 270, 17 Sup. Ct. Rep. 966.

The word "annually" means yearly, or once in each year. Continental Nat. Bank v. Buford, 107 Fed. 188; People v. Brenham, 3 Cal. 477; State ex rel. Curtis v. McCullough, 3 Nev. 202; Sharpe v. Lee, 14 S. C. 341; Westfield v. Westfield, 19 S. C. 85; Union Iron Co. v. Pierce, 4 Biss. 327, 12 Mor. Min. Rep. 19, Fed. Cas. No. 14,367; Juker v. Com. 20 Pa. 484; McMaster v. New York L. Ins. Co. 40 C. C. A. 119, 99 Fed. 856.

Goss, J. In 1913 a petition signed by more than 25 per cent of the taxpayers of Ward county was presented to the board of county commissioners, asking that a tax be levied that year "and annually thereafter for the purpose of promoting diversified farming and agricultural developments through the employment of a person or persons to carry on scientific agricultural work within said Ward county," pursuant to § 2263, Comp. Laws 1913. The tax was levied for 1913 and 1914. In 1915 the board refused to continue said levy. Thereupon mandamus was brought to compel it to do so, and upon hearing the peremptory writ directing said levy was issued. An appeal has been taken therefrom.

The question is primarily one of construction of statute. Omitting immaterial parts the statute reads: "The board of county commissioners . . . may in its discretion, or, upon petition of 25 per cent of the taxpayers of said county, *shall, annually* make an appropriation and levy a tax upon all the taxable property of the county for the purpose of promoting diversified farming." In the absence of a peti-

tion the board of county commissioners, "in its discretion, may" make an appropriation and levy a tax for this purpose. In the absence of a petition, then, there would be no question but what they could discontinue or refuse to make the levy in the discretion of the board. But "upon a petition of 25 per cent of the taxpayers of said county [the board] *shall annually* make an appropriation and levy a tax" for said purposes. Under the plain direction of the statute all discretion in the board disappears upon such a petition being filed. The board then becomes but the ministerial instrumentality to carry out the prayer of the petition, and *"shall annually* make an appropriation and levy a tax" for such purposes. But appellants contend they have annually levied a tax at two prior years, and that the board have a right to discontinue the levy; otherwise, the levy may be virtually a perpetual one to be made every year until the law is changed. It was the intent of the legislature, as expressed in the act, that the board shall yearly, *i. e.,* annually, make the levy that the promotion of scientific agricultural work once begun shall not be interrupted at the pleasure of the board, but instead shall be continuous until such time as the legislature shall amend the statute.

In the very recent decision of Comer v. State, — Ind. —, 110 N. E. 984, a similar petition and for the same purpose was presented to the board empowered to make such an appropriation. That opinion is quoted: "At the regular session of said council in September, 1914, it failed, neglected, and refused to appropriate the sum of $1,500 out of the funds of Jasper county to be used for the payment of a county agent for said county for the year 1915." A petition of taxpayers for such an appropriation was filed in 1913 and an appropriation for that year made, but the board refused to continue the same in 1914 without a new petition. Thus it will be seen that the facts are parallel. The court states: "The presented question requires for its solution a construction of part of § 12 of the vocational education law of 1913. . . . That section provides that, on the filing of a proper petition 'together with a deposit of $500 to be used in defraying expenses of such agent the county board of education shall file said petition within thirty days of its receipt with the county council, which body shall upon receipt of such petition appropriate annually the sum of $1,500 to be used in paying the salary and other expenses of said county agent.'

"The validity of § 12 as a whole and the imperative character of the duty which it places on county councils generally were questions considered by this court in the case of State ex rel. Simpson v. Meeker, 182 Ind. 240, 105 N. E. 906, and we see no reason to depart from our conclusions reached in that case. This appeal, however, presents the further question as to whether § 12 *having once become operative in a county, it is necessary annually to refile the petition therein provided for in order to continue its operation.* We do not so construe the law. The complaint shows affirmatively that a proper petition was filed with the appellant council in the year 1913 and that the requested appropriation was made. It thereafter continued as the duty of said council to renew said appropriation *annually and without awaiting the receipt of a further petition.* . . . Agricultural education since the adoption of the law of 1913 has become a regular and important department in the school system of the state, and its effective administration should not be handicapped by a strict construction of the provisions of that law." The levy was directed. The facts and the statute are so closely parallel that Comer v. State is authority on all questions presented, even to the constitutionality of the act as passed upon in State ex rel. Simpson v. Meeker, referred to.

Appellants contend that the legislature did not intend it to be so construed, for the reason that they made no provisions for the discontinuance of the levy. This is the strongest reason why it intended the levy to be continuous,—that the course of work to which the tax is to be applied should be uninterrupted.

It is argued that it should not be possible for one fourth of the taxpayers, "by the mere filing of a petition, to create a tax that is binding on all the voters of that county forever after until some law is passed repealing the same." When it comes to a question of sanction or acquiescence by a percentage of voters in tax laws, it is safe to assume that few of our permanent tax levies are initiated under the sanction of as large a percentage as this of the taxpayers affected. It can well be said that had the legislature intended a yearly appropriation at the discretion of the commissioners, they would have said so, instead of using mandatory language to the contrary, and they would hardly have required a petition of 25 per cent of the total taxpayers of the county, or nearly 1,200 in this county, to institute this levy. To procure such

a petition necessitates an expenditure of time and money. The act in effect provides that once this is done the appropriation shall continue under present law indefinitely, the board having no discretion in the matter.

It is contended that the vesting of power in the commissioners to levy the tax upon a petition of a minority of the taxpayers "is a delegation of legislative powers to a minority of the voters in any county." There is no delegation of power by the legislature to a minority of the voters, or at all. Instead the legislature itself has declared the limits within which the levy must be kept and the conditions precedent to and under which a levy shall be made. Nothing is left to discretion of the board, and nothing is delegated to the board, in the way of legislative discretion, that having been fully exercised by the law-making power in the first instance. Picton v. Cass County, 13 N. D. 242 at 246, 100 N. W. 711, 3 Ann. Cas. 345, holding under closely analogous circumstances that such "discretion committed to the several boards (of county commissioners in tax proceedings) is administrative only," quoting the syllabus. The power of the legislature to make the provision in question is not challenged, nor could it well be. The judgment is affirmed.

BURKE, J. (concurring especially). While the above matter was pending in this court, the supreme court of Indiana handed down a decision in Comer v. State, — Ind. —, 110 N. E. 984, construing a similar law in favor of respondent. I do not believe this court should establish a new line of authority upon this proposition, and therefore concur in the holding above. However, I do not believe that, upon reason, the Indiana court was justified in saying that the word "annually" is equivalent to "annually, each and every year thereafter during the existence of the law," which is necessarily the result of their holding. The matter is of no particular importance in this state. If the legislature did not intend the construction which we have now placed upon the law, they can amend it to suit their wishes before another year's appropriations mature.