## Hendrickson, County Judge, et al. v. Taylor County Farm Bureau.

(Decided October 13, 1922.)

### Appeal from Taylor Circuit Court.

Agriculture—County Farm Bureau—Organization of Corporation. —Section 42d, Kentucky Statutes, provides for the incorporation in each county of the state of a county farm bureau for the purpose of advancing and improving "the science and art of agriculture, home economics, horticulture and animal industry" in the state, and subsection 11 thereof provides that when such corporation has been organized and its secretary and treasurer have certified to the fiscal court that it has one hundred members and not less than $500.00 in the possession of the treasurer, the fiscal court "shall appropriate to such organization" a sum double the fund in the hands of its treasurer, not to exceed certain fixed limits. Held, that this provision is not violative of section 3, 171 or 181 of the state Constitution.

FRED FAULKNER and GORDON MONTGOMERY for appellants.

W. M. JACKSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The General Assembly, at its 1920 session, enacted a law providing for the organization and incorporation of a farm bureau in each county of the state, being section 42d, subsections 1 to 21, inclusive, of the 1922 edition of the statutes.

The act prescribes the articles of incorporation that must be adopted, in which, as well as in the act itself, it is provided that the object of such corporations shall be to advance and improve "the science and art of agriculture, home economics, horticulture and animal industry, cooperating with the College of Agriculture of the University of Kentucky and with the United States Department of Agriculture." It is further provided that no salary shall be paid to the president, vice president, or any director, and that no dividends shall ever be declared by the corporation. Penalties are prescribed for any diversion of the funds or profits "to any purpose except to the purposes of incorporation," and these purposes are specifically set out in the act.

Membership in the corporation is limited to citizens of the county owning or operating a farm, and it is prescribed that the yearly dues of members shall not be less than $5.00. Subsection 11 of the act provides that whenever a county farm bureau has been incorporated as prescribed, and the secretary and treasurer have certified to the county fiscal court that the corporation has 100 members who own or operate farms in the county, has raised from among its members by annual dues or otherwise a fund of not less than $500.00 and that same is in possession of the treasurer, "The county fiscal court or county commissioners shall appropriate to such organization, to be paid from the general fund of said county, a sum double the amount of the fund in the hands of the treasurer, not to exceed, however," certain specified amounts, which in the class to which Taylor county belongs is $1,500.00 a year.

After appellee had been incorporated, its secretary and treasurer certified to the fiscal court of Taylor county that it had a membership of 100 or more and that the treasurer was in possession of $500.00 raised from its members, and demanded an appropriation of $1,000.00 in accordance with the provisions of subsection 11 of the act, *supra*. The fiscal court declined to make the appropriation as requested, upon the ground that this manda-

tory provision of the act was violative of sections 3, 171 and 181 of the State Constitution. Thereupon appellee instituted this action against the members of the fiscal court for a mandamus, which the judgment appealed from granted.

The portions of the sections of the Constitution above enumerated, which appellants insist are violated, are as follows:

Section 3. "No grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public service."

Section 171. "Taxes shall be levied and collected for public purposes only."

Section 181. "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by general laws confer on the proper authorities thereof, respectively, the power to assess and collect such taxes."

In Carman, et al. v. Hickman County, 185 Ky. 630, 216 S. W. 408, it was insisted that an act authorizing an appropriation for the payment of the salary of a county farm agent for the purpose of cooperating with the College of Agriculture, University of Kentucky, and the United States Department of Agriculture in carrying on agricultural extension work, was violative of sections 3 and 171 of the Constitution for the very same reasons that it is now asserted this act is violative of those sections. Both of these contentions were there overruled, and for the reasons carefully set out and upon the authorities cited therein, the first and second contentions of appellants must be denied. As appellants cite no authority in support of either of these two contentions, and concede that the fostering of agriculturing interests is a public purpose for which taxes may be collected and expended without violating either of these two sections of the Constitution, we do not deem it necessary to do more in support of our conclusion than refer to the Carman case and point out briefly the fallacy of the only argument advanced to differentiate this case from that.

That argument is, that because the act permits the county farm bureau to fix the yearly dues of members at any sum not less than $5.00 many citizens who own or operate farms might be excluded from membership in the corporation who desired to belong to it, by reason of their inability to pay such annual dues as might be fixed

by the corporation, and that the funds appropriated by the fiscal court could, and might be expended for the benefit of a part only of the farmers of the county, and that such an expenditure of public funds would be for the benefit not of the public, but only of such members of the public as were admitted to membership in the corporation.

This entire argument erroneously assumes that only members of the corporation are the beneficiaries of the public funds appropriated to and expended by it whereas by the provisions of the act, any such use of the funds of the corporation is expressly prohibited and made punishable as larceny, and the only purposes for which such funds are permitted to be expended are "to advance and improve in Taylor county, Ky., the science and art of agriculture," etc.

That some members of the public may derive more benefit than others, even between those who are situated alike or in the same class, is immaterial where the chief function of the expenditure is to minister to the public good, as is also pointed out in the Carman case, *supra*.

Turning now to appellant's third and last contention, that the act is violative of section 181 of the Constitution, because the legislature, by fixing definitely the amount that the fiscal court must appropriate in each instance, in fact imposes the tax for a local purpose instead of simply conferring that power upon the local taxing authority. In support of this contention we are referred to McDonald v. City of Louisville, 113 Ky. 425; Mitchell v. Knox Co., 165 Ky. 543, 177 S. W. 379; Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, not as directly in point but illustrative of the right of local authorities to levy taxes for local purposes, and we have no fault to find with these cases or any other which denies to the legislature the power to levy taxes for local purposes, for such is the plain language of section 181 of the Constitution; and if the appropriations the fiscal courts are required to make by this act are for local purposes, then this provision of the act cannot be sustained.

This same contention was made in City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411, with reference to an act of the legislature which required cities of the first class to make a levy for school purposes of not less than 36 cents on the $100.00. The court in denying the contention, said in part:

"If the maintenance of a public school is a purely municipal purpose, the section (181 Constitution) would seem to be conclusive of the matter, but education is not a subject pertaining alone or pertaining essentially to a municipal corporation. . . . The state could have as well required the schools of Jefferson county, including Louisville, to have been under the supervision and control of the county fiscal court, and that body required to levy a fixed tax, or one between minimum and maximum rates, as have left the tax rate with the city council. The section in question (of the act) does not pertain to municipal affairs, nor does it attempt to levy a tax therefor. It is competent for the state to administer its government through such agencies as the legislature may choose, when the constitution does not expressly provide otherwise. . . . The legislature may and does provide for much of the state government through agencies such as counties and cities. Maintaining the public highways is a necessary function of state government, yet this state has set over that whole matter to two local agencies. The counties, through their fiscal courts, levy the taxes in the county outside the cities for road purposes; the cities, levy the taxes in the territory within the city for the maintaining of the city highways. The legislature requires the tax to be levied. This is a levy by the local tribunal. That the city or county is mandatorially required to levy a specific rate is not more objectionable as an infringement of power than if they were simply required to levy at some rate in their discretion. If the state can adopt an agency for carrying on some part of the government, it may delegate to the agency the power to do what is required of it. If it may delegate discretionary power, it may likewise delegate the power shorn of the discretion, as the latter is less than the former. It is not denied that the state can limit the rate of taxation in all these matters as to the maximum. So it can limit it to the minimum. It is wholly discretionary with the legislature, where the constitution is silent upon the subject."

Other cases along the same line and more or less applicable, are: House of Reform v. City of Lexington, 65 S. W. 350, 23 L. R. 1470; Hager, Auditor v. Children's Home Society, 119 Ky. 235, 83 S. W. 605; Ky. Live Stock Breeders Assn. v. Hager, 120 Ky. 125, 85 S. W. 738.

The advancement and improvement of "the science and art of agriculture, home economics, horticulture and animal industry," which these corporations are created to foster and serve, in co-operation with the College of Agriculture of the University of Kentucky and the United States Department of Agriculture, are in nowise different from, but are essentially—as has lately come to be generally recognized—a very necessary part of the public education, and for the very same reason that appropriations of money to the public schools are held to be for a public rather than a local purpose, even within a municipality or other local subdivision of the state, appropriations for the county farm bureaus, created by this act, must be held to be made for public rather than local purposes, and if the legislature may, through the agency of the local authorities, fix such appropriations in the one case, it may also do so in the other.

Not only do the cases from this court in our judgment fully overcome the objections urged to the constitutionality of this act, but similar acts have been enacted and upheld in many other states of the union. Our attention has been called to the fact that Indiana, Arizona, Iowa, Kansas and Maine have laws which differ in no essential feature from this act of ours, and in every instance within our knowledge these acts, when attacked, have been held valid, as have somewhat similar acts in North Dakota and Nevada. See State, ex rel. Hall County Farm Bureau v. Miller (Neb.), 178 N. W. 846; Westlake v. Anderson (N. D.), 156 N. W. 925; Norcross v. Cole (Nev.), 189 Pac. 877; Comer v. State (Ind.), 110 N. E. 984. See also C. J. 989-990.

Judgment affirmed.