## Furlong v. Darnaby, Treasurer.

(Decided April 24, 1923.)

### Appeal from Fayette Circuit Court.

1. Counties—Local Registrar of Vital Statistics has Both Local and General Duties, so that Certificates for Payment of Fees are not Appropriation for Payment of State Officer.—The local registrar of vital statistics, who performs his entire duties in the city where he is located, has duties which are both local and general in their connection, so that an objection by the county treasurer that certificates for payment of fees are an attempted appropriation of county funds for the payment of an official in the service of the state is not tenable.

2. Counties—Payment of Local Registrar of Vital Statistics Must Come from General Funds.—The funds directed to be paid to the local registrar of vital statistics for his services must come out of the general expenditure fund of the county, and not out of the funds appropriated for special purposes.

3. Counties—Compiling Vital Statistics is necessary for Public Well-Being, for Which Funds may be Appropriated.—The making and compiling of vital statistics, as required by Kentucky Statutes, section 2062a, subdivisions 1-24, is necessary under modern conditions to the well-being of society, and therefore a purpose for which county funds may be appropriated.

4. Counties—Legislature can Require Fiscal Court to Pay Fees of Local Registrar of Vital Statistics.—The legislature had authority

to create the office of local registrar of vital statistics to be ap-
pointed by the state board of health, and to require the fiscal
court of the county where the duties are performed locally to pro-
vide for the fees, so that Kentucky Statutes, section 2062a, subdi-
vision 20, requiring the county to pay the fees of the local registrar
on certificates issued by the state registrar, is not invalid as an at-
tempted appropriation by a state agency of county funds contrary
to Constitution, sections 171, 180, 181a.

BECKHAM, HAMILTON & BECKHAM for appellant.

GEORGE C. WEBB and HOGAN YANCEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This appeal involves the constitutionality of section
2062a-1 to and including section 2062a-24, Kentucky Stat-
utes, which creates a bureau of vital statistics, an auxil-
iary of the board of health, and prescribes the duties and
fees of registrars.

Appellant Furlong was appointed in 1916 a deputy
registrar and later local registrar of vital statistics for
the district composed of the city of Lexington, Fayette
county, Kentucky, by the bureau of vital statistics of the
board of health of Kentucky. He accepted the appoint-
ment and entered upon the performance of the duties re-
quired of him as such official and continued thereat for
many months. During his incumbency there was pro-
duced to him for record a large number of certificates of
birth and likewise a large number of certificates of death
for record, for each of which the statute allows and he
claims twenty-five (25c) cents. He performed other
duties required of him by the act for which he claims the
fees allowed therein, all of which fees aggregate $692.50.
Pursuant to section 2062a-20, Kentucky Statutes, the
state registrar issued and transmitted to appellant Fur-
long two certificates, one for $207.75 and the other for
$484.95, covering fees, directed to appellee, Darnaby,
treasurer of Fayette county, for payment. Upon presen-
tation of these certificates to the treasurer by appellant,
payment was refused upon the ground that the certifi-
cates were an attempted appropriation by a state agency
of county funds in violation of sections 180, 181a and 171
of our Constitution, levied by the Fayette fiscal court and
collected by the sheriff of the county for other definite
and specific county purposes.

Thereupon appellant Furlong instituted this action in the Fayette circuit court, praying a mandatory injunction against the appellee Darnaby, as treasurer, directing him as treasurer to pay appellant Furlong the amount of the certificates issued by the state registrar pursuant to the provisions of section 2062a-20, Kentucky Statutes.

To this petition appellee Darnaby, treasurer, filed a general demurrer; upon hearing the demurrer was sustained. The appellant declining to further plead, his petition was dismissed and he appeals.

In his brief appellant Furlong asserts that section 2062a-20 of the Kentucky Statutes is not in conflict with sections 181, 181a, 171, or any other section of the Constitution. The office of local registrar under the vital statistics law is both local and general in its character and work, and consequently the General Assembly, in enacting the law, was not imposing a tax for purely local purposes, nor imposing a double tax.

Appellee Darnaby, treasurer, insists:

"1.   This is a suit to appropriate county funds collected for county purposes to the payment of a state agent, or official, for services to the state.

"2.   It is a violation of the Constitution and the fundamental principles of local self-government for the legislature to undertake to appropriate to state purposes and to dispose of the county funds collected by county officers for county purposes.

"3.   Power and duties of the fiscal court are regulated by the Constitution, and by the several provisions of the statute, which gives to the fiscal court the sole right to levy and dispose of the county taxes.

"4.   The amount which may be collected for county taxes and county purposes is limited to fifty cents on each one hundred dollars of taxable property; and if the legislature can appropriate any part of that, it can appropriate the whole, and so destroy the resources and powers of the county government.

"5.   The county taxes being collected for county purposes, it is a violation of section 180 of the Constitution to devote such taxes to a state purpose.

"6.   The county treasurer is appointed by the fiscal court and is required to receive and collect the county moneys and hold the same subject to the order of the fiscal court alone, and to subject same to the orders of a state officer, as is attempted by the vital statistics act,

would be to require him to pay out the same money under authority of different persons and different masters.''

This case, we think, is easily distinguished from the case of Campbell County v. City of Newport, 174 Ky. 712, upon which appellee relies, where the fiscal court sought to compel the city to contribute one-half of the cost of maintaining the juvenile court. The city resisted because it was double taxation and because it was an attempt on the part of the county to levy taxes on a municipality. The fiscal court clearly had no such power, and the attempted levy of a double tax on the property of the inhabitants of the city was in violation of the Constitution. The question presented by the instant appeal are very different.

We think the question presented by this appeal is very similar to the question determined in the case of Hendrickson, County Judge, et al. v. Taylor County Farm Bureau, 196 Ky. 75, where we held in substance that the General Assembly had power to pass an act requiring the fiscal court of a county to appropriate to the farm bureau of the county a sum equal to the total amount in the treasury of the local farm bureau at the time, on compliance with certain conditions set forth in the act. In that case it was insisted that the appropriation made by the legislature was in violation of section 171 and section 181 of our Constitution. Answering this we said: ''The fostering of agricultural interests is a public purpose for which taxes may be collected and expended without violating either of these two sections of the Constitution. . . . Turning now to appellant's third and last contention, that the act is violative of section 181 of the Constitution, because the legislature by fixing definitely the amount that the fiscal court must appropriate in each instance, in fact imposes a tax for a local purpose instead of simply conferring that power upon the local taxing authority, In support of this contention we are referred to McDonald v. City of Louisville, 113 Ky. 425; Mitchell v. Knox County, 165 Ky. 543, 177 S. W. 379; Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, not as directly in point but illustrative of the right of local authorities to levy taxes for local purposes, and we have no fault to find with these cases or any other which denies to the legislature the power to levy taxes for local purposes, for such is the plain language of section 181 of the Constitution; and if the appropriations the fiscal

courts are required to make by this act are for local purposes, then this provision of the act can not be sustained. . . .

"The advancement and improvement of 'the science and art of agriculture, home economics, horticulture and animal industry,' which these corporations are created to foster and serve, in co-operation with the College of Agriculture of the University of Kentucky and the United States Department of Agriculture, are in nowise different from, but are essentially—as has lately come to be generally recognized—a very necessary part of the public education, and for the very same reason that appropriations of money to the public schools are held to be for a public rather than a local purpose, even within a municipality or other local subdivision of the state, appropriations for the county farm bureaus, created by this act, must be held to be made for public rather than local purposes, and if the legislature may, through the agency of the local authorities, fix such appropriations in the one case it may also do so in the other."

With respect to appellee's contention that the certificates issued by the state registrar and directed to the treasurer of Fayette county is an attempted appropriation of county funds collected for county purposes to the payment of a debt of a state agency or official in the services of the state, it may be said that the local registrar performs his entire duties in the city of Lexington. His duties, therefore, are both local and general in their character. The funds directed to be paid to the local registrar for services must come, as in the case of the farm bureau, out of the general expenditure fund of the county, and not out of the funds appropriated for specific purposes.

It must be conceded by all that the making and compiling of vital statistics, such as is required by the section of the statutes under consideration, is of very great importance to the public generally and of special importance to each local community in which there is located a registrar or deputy. The office, therefore, under prevailing modern conditions, is necessary to the well-being of society. Without question, if the legislature can create a county or district office to be filled by the people of a county or district by election or appointment, and require the salary to be arranged for by the fiscal court and paid by the county treasurer, it may create the office of registrar and direct the state board of health to fill it and

the fiscal court of the county where the duties are performed locally to provide for the fees. The statute under consideration fixes the fees for services, and the amount of compensation to which the local registrar is entitled depends upon the number of certificates recorded by him and upon the duties performed. He is paid no salary. He performs duties which redound to the good of his district, as well as the state, and are in furtherance of an approved public policy. Adopting the rule applied in the case of the farm bureau, *supra,* we are forced to the conclusion that section 2062a and its subdivisions do not contravene any section of our Constitution, and that the trial court erred in sustaining the demurrer to the petition, and later dismissing it when appellant Furlong declined to further plead.

For the reason indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed. Whole court sitting.