## Darnaby, Treasurer of Fayette County, et al. v. Furlong.

(Decided October 19, 1926.)

### Appeal from Fayette Circuit Court.

1. Counties—Statute Prescribing that Fees of Registrars of Vital Statistics be Paid from County Funds Held Not to Contravens Right of Local Self-Government (Ky. Stats., Section 2062a).—Ky. Stats., section 2062a, creating a bureau of vital statistics and prescribing duty and fees of registrars, and that they be paid by county treasurer from county funds, held not to contravene right of local self-government.

2. Constitutional Law—Counties—Statute Providing that Registrars of Vital Statistics be Paid from County Funds Held Not Invalid as Impairing Obligation of Contracts of Fiscal Courts who had Contracted to Extent of County Revenue Before its Enactment (Ky. Stats., Section 2062a; Constitution Ky., Sections 19, 157; Constitution U. S., Article 1, Section 10).—Ky. Stats, section 2062a, creating bureau of vital statistics and providing that registrars be paid from county funds, held not to contravene Constitution Ky., section 19, and Constitution U. S., art. 1, section 10, by impairing obligation of contracts of fiscal courts which had levied maximum tax under Constitution Ky., section 157, and entered contracts to extent of county revenues before its enactment.

3. Constitutional Law.—County's obligation to pay registrar of vital statistics under Ky. Stats., section 2062a, held not to violate 14th

Amendment of United States Constitution prohibiting state from depriving any person of life, liberty, or property.

4    Health.—Allegations that Local Registrar of Vital Statistics was Duly Appointed and Earned Fees Sued for While Acting in Discharge of Duties Held Sufficient on Demurrer (Ky. Stats., section 2062a-4, as Amended by Laws 1922, c. 76).—Allegations that plaintiff was duly appointed, qualified, and acting local registrar of vital statistics and seeking recovery of fees for services performed while acting in the discharge of his duties held sufficient on demurrer, as against contention that part of claim was founded on appointment under Ky. Stats., section 2062a-4, after amendment of 1922 (Laws 1922, c. 76), became effective.

5.    Pleading.—Truth of averments in petition by local registrar for fees as to his appointment and that fees were earned while in discharge of his duties was admitted by demurrer.

GEORGE C. WEBB and SAMUEL M. WILSON (WILSON & HARBISON, of counsel) for appellants.

R. J. COLBERT and CHESTER D. ADAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This is the second appeal of this case, the opinion upon the former appeal appearing in 206 Ky. 63, 257 S. W. 707. We will waive the question as to whether the induction of new parties into this cause of action and the filing of additional pleadings after the return of the case has operated to destroy the efficacy of the law of the case rule to which we adhere. A second action to recover fees accruing after the filing of the previous one has been heard with and presents the same questions that were involved in the former. We find that by this appeal appellant again attacks the validity of section 2062a, Kentucky Statutes, and its various subsections, from exactly the same positions as upon the former appeal. Just as upon the former appeal the statute in question, which creates a Bureau of Vital Statistics as an auxiliary of the State Board of Health and prescribes the duties and fees of registrars and that they be paid by the county treasurers of their respective counties from county funds provided by county taxation, was assailed as in contravention of the right of local self-government and of numerous sections of the Constitution of Kentucky, upon this appeal the same questions are again presented by a most scholarly brief by counsel for appellant. Upon the former appeal those questions now presented to us for

the second time were fully and carefully considered by the whole court and the conclusion was reached after much discussion and careful consideration that the act in question does not violate the principle of local self-government recognized as being embedded in our institutions and does not violate any of the provisions of our Constitution. The extent to which we recognize the right of local self-government as part of the make-up of our political or governmental institutions is perhaps more clearly indicated in the recent opinion of this court in Johnson, Sheriff, etc. v. Fordson Coal Company, 213 Ky. 445, than in any previous utterance of the court, reference to which is all now deemed to be necessary. The further consideration of the questions and the arguments advanced in support of appellants' contentions have not convinced the court that its previous opinion on these questions is unsound, but the further consideration of the case has confirmed the court in its conclusions, expressed in the previous opinion.

The argument is made that the fiscal court of Fayette county has levied the maximum tax under section 157 of the state Constitution, which limits the tax rate that may be imposed and obligations that may be incurred, and has entered into contracts and incurred obligations to the extent of the county revenue, and that therefore the attempt by the legislature to impose upon it the obligation of paying the fees of local registrars of vital statistics in Fayette county is invalid because it impairs the obligations of the contracts made by the fiscal court in violation of the provisions of section 19 of the Constitution of Kentucky, and of section 10 of article I of the Constitution of the United States. Such, however, is not the case. The obligation imposed by the act in question, which requires that the fees of the local registrars of the various counties shall be paid by the county treasurers of their respective counties from the county levy fund, is, as was written in the previous opinion herein, a valid one. That being true, it is the duty of the fiscal court of the county, taking into account the amount of revenue at its disposal and these legally imposed obligations to incur only such additional obligations as within the limits fixed by the Constitution they are able to meet. Payment of the fees of local registrars are among the obligations properly imposed upon the county levy fund. The county's contracts and obligations must be made accordingly. To

paraphrase a homely maxim, "The county must cut its garments according to the cloth it has." This court is unable to perceive any particular in which the act in question contravenes either section 19 of the Constitution of Kentucky or section 10 of article I of the Constitution of the United States.

An obligation legally imposed upon the county revenue fund of a county can hardly be held to violate the Fourteenth Amendment of the federal Constitution, which forbids the states to deprive any person of life, liberty or property without due process of law, or to deny to any person within its jurisdiction the equal protection of the law.

The legislature of 1922 amended section 2062a-4, Kentucky Statutes, so that whereas formerly it provided that local registrars were appointed by the State Board of Health, by the amendment it was provided that they be appointed by the county health officers of the respective counties of the Commonwealth for terms of four years, beginning with July 1, 1922. The amendment had the effect of legislating out of office all registrars appointed under the original act whose terms extended beyond July 1, 1922. The argument is made that appellee's claim for $237.75 for fees accruing between July 1 and January 31, 1922, should therefore have been disallowed because it is founded upon appointment under the old act. We find, however, that appellee's petition pleading his cause of action for fees earned in the year 1922 alleges that during the whole of the year he was "the duly appointed, qualified and acting local registrar of vital statistics in and for the district composed of the city of Lexington, Fayette county, Kentucky." It further alleged that all the services for which he sought to recover the statutory fees were performed by him "while he was acting in the discharge of his duties" as such registrar for that district. The truth of the averments was admitted by the demurrer. No pleading controverting them was filed. We are constrained to hold that the allegations of the petition are sufficient to sustain the judgment.

For the reasons indicated the judgment herein in each case will be affirmed.