## State Budget Commission et al. v. Adams, County Judge, et al.

(Decided June 9, 1933.)

BAILEY P. WOOTTON, Attorney General, OVERTON S. HO-GAN, Assistant Attorney General, and GEO. W. VAUGHN for appellants.

STOLL, MUIR, TOWNSEND & PARK for appellees.
ROBERT H. WINN and E. D. STEPHENSON amici curiæ.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a suit under the Declaratory Judgment Act (Civil Code of Practice secs. 639a-1 to 639a-12) to determine the constitutionality of chapter 24 of the Acts of 1932, known as the Uniform County Budget Act, and, if constitutional, whether or not it is operative. The lower court held the act constitutional and operative, and, from that judgment, this appeal is prosecuted.

The act in question is a very comprehensive one. Among other things, it provides that a county budget commission shall be established in each of the counties of this state. This commission consists of the county judge, county treasurer, and two persons to be appointed by the county judge. It is the duty of this commission to submit to the fiscal court of its county for its consideration the proposed budget of the county for the fiscal year. This is a matter of public record, and any citizen or taxpayer has the right to a public hearing to discuss with the fiscal court the various items recommended by the budget commission before the budget is finally adopted. The budget commission is required by section 5 of the Act to make its recommendations upon certain forms, which section 3 of the act makes it the duty of the state budget commission to furnish to each county budget commission. These forms so furnished by the state budget commission must be uniform in each of the counties of the state. The state budget commission is given by sections 3 and 6 of the act the authority to approve all county budgets proposed by the county budget commissions as to form and arrangement of the budget units. If disapproved, the budget must be rearranged as to form and arrangement by the state bud-

get commission. This authority to so approve or dis-- approve county budgets as to form and arrangement is, vested in the state budget commission for the sole and. exclusive purpose of establishing and maintaining in. each county a uniform budget system so that the cost of each separate activity of the county government can be ascertained, not only for the information of the people of the state, but also for the people and taxpayers of each county. The act by section 24 further provides. that the state inspector and examiner shall install in. each county a uniform system of accounting and book-keeping for the administration of the fiscal affairs of the counties under the provisions of the act, and that. uniform blanks, receipts, records, etc., shall be furnished to the persons whose duty it is to administer the fiscal affairs of the county.

It is the contention of the appellants that this act. is unconstitutional because it violates sections 51, 230,. and 181 of the Constitution. It is their further conten-- tion that, if the act be constitutional, it is inoperative because the General Assembly failed to make any ap-- propriation for putting it into operation.

Addressing ourselves to the constitutionality of the act, we find that the argument is made that the act is. unconstitutional, first, because its title does not com-- prise and set forth what is in the body of the act, and. hence violates section 51 of our State Constitution,. which provides:

"No law enacted by the general assembly shall re-- late to more than one subject, and that shall be ex-- pressed in the title, and no law shall be revised,. amended, or the provisions thereof extended or con-- ferred by reference to its title only, but so much. thereof as is revised, amended, extended or con-- ferred, shall be re-enacted and published at length."

The title of the act in question is as follows:

"An Act relating to the fiscal administration of counties; Providing for a uniform budget system in each county of the Commonwealth of Kentucky, for the administration of the fiscal affairs of the coun-- ties; Prescribing the duties of the county judge,. county court clerk, county treasurer, county attor-- ney and other officers with reference thereto; creat-- ing a county budget commission, and prescribing its;

duties; amending sections nine hundred and twenty-nine (nine hundred and twenty-nine), nine hundred and thirty-four (nine hundred and thirty-four) of Kentucky Statutes, nineteen hundred and thirty, Carroll's Edition, as amended by Chapter one hundred and fifty-three of the Acts of nineteen hundred and twenty, Session of the General Assembly of the Commonwealth of Kentucky, nine hundred and thirty-five (nine hundred and thirty-five), and eighteen hundred and thirty-eight (eighteen hundred and thirty-eight), Kentucky Statutes, nineteen hundred and thirty, Carroll's Edition; and repealing sections nine hundred and thirty-eight (nine hundred and thirty-eight) Kentucky Statutes, nineteen hundred and thirty, Carroll's Edition, and section eighteen hundred and forty a (eighteen hundred and forty a), Kentucky Statutes, nineteen hundred and thirty, Carroll's Edition, as amended by section one of chapter Sixty-seven of Acts of nineteen hundred and sixteen, Session of General Assembly of Commonwealth of Kentucky; Providing for the compensation of county treasurer, and the designating by the fiscal court of depositories for county funds and the fixing of interest rates to be charged by the county; and Providing for penalties for the violation of any of the Provisions of this Act.''

It is argued that, inasmuch as the title to this act makes no reference whatever to the state budget commission or to the state inspector and examiner, and gives no notice of any duties that will be by the body of the act imposed upon it and him, the title is not fairly indicative of what may be found in the body of the act, for which reason it is unconstitutional. The scope and effect of section 51 of the Constitution has often been before this court for determination. Construing that section in Thompson v. Commonwealth, 159 Ky. 8, 166 S. W. 623, 624, we said:

"The purpose of the constitutional provision was to enable persons reading the title of an act to get a general idea of what the act treated of or contained, and it has come to be a recognized legislative practice for members and others interested in legislation to read the title of acts and gather therefrom, in a general way at least, the subject matter of the

act, and under the authority of this constitutional provision members of the Legislature, as well as the public interested in legislation, have the right to rely on the title as indicating the subject-matter of the act and to assume that the act contains no legislation that is not embraced in a general way by the subject expressed in the title. But if it were allowable to insert sections in an act entirely foreign to the scope of the legislation as expressed in the title, the purpose of the Constitution would be entirely defeated, and much legislation would be enacted that the members would not have approved had they known that it was contained in the act.''

In State Board of Health et al. v. Willman, 241 Ky. 835, 45 S. W. (2d) 458, 459, we said:

"The title of the act may be broader than necessary and not be objectionable if it relates to only one subject, but it must be fairly expressive of the context of the act. Where the title is restrictive, matters not a part of or properly connected therewith, as it is fairly and reasonably understood, cannot be incorporated in the act without violating section 51 of the Constitution."

In Wiemer v. Commissioners of Sinking Fund of City of Louisville, 124 Ky. 377, 99 S. W. 242, 244, 30 Ky. Law Rep. 523, the rule is thus stated:

"A title to an act is not, in order to meet the requirements of the Constitution, bound to contain all of the details of the body of the act. If so, the title would necessarily be as extensive as the body. All that is required is that the body of the act should be so related to the title as to be easily and naturally embraced within its terms, or, as it is sometimes said, they must be germane to each other. The relation should be so natural and obvious that the ordinary mind will readily perceive it. The General Assembly may, by the terms used in the title, restrict the scope of the act to as narrow a plane as they choose; and it follows that, if the title be too narrow and restrictive to embrace any part of the body of the act, to that extent the statute will be unconstitutional, although the different parts of the body are sufficiently cognate as not to be inimical to the inhibition of the Consti-

tution against placing more than one subject in an act.''

·With these rules in mind, we are clearly of the opinion that the title to the act here in question is not subject to the criticism aimed at it. Inter alia, the title states that it is an act relating to the fiscal administration of counties and providing for a uniform budget system in each county of the commonwealth for the administration of the fiscal affairs of the county. Certainly the duties imposed upon the state budget commission and the state examiner and inspector are germane to the ''fiscal administration of the county and providing for a uniform budget system in each county of the commonwealth for the administration of the fiscal affairs of the county.'' Any one reading the title would be informed that the act was setting up machinery for the fiscal administration of the county and for providing a uniform budget system which, being true, under our authorities, the details as to how that machinery was to be set up and in operation need not be set out in the title. Further, the title itself specifically gives notice that the body of the act will prescribe the duties of the county judge, county court clerk, county treasurer, county attorney, and other officers with reference to this matter of the fiscal administration and uniform budget system, and, therefore, the attention of the members of the Legislature was necessarily called to the fact that the duties of officers other than those specifically referred to in the title were prescribed. The case of South v. Fish, 181 Ky. 349, 205 S. W. 329, so confidently relied upon by appellants, does not militate against these conclusions. The language of the title of the act (Acts 1918, c. 65) involved in that case was: ''An Act relating to public health, repealing, amending and re-enacting'' certain sections of the Statutes. It was held that this title meant that the act was one to repeal and amend the named sections of the act, and did not give notice that the act created a new state board of health. · The title of the act involved in the instant case is entirely different from that involved in the South Case. It does not purport to be an act merely repealing and re-enacting certain sections of the statutes. It plainly states that it is an act relating to the fiscal administration of the counties, providing for a uniform budget system, prescribing duties of certain named and

other officers, amending certain sections of the statutes, providing for the compensation of the county treasurer, the designation of county depositories, the fixing of interest rates to be charged by the county, and providing penalties for the violation of the provisions of the act. Such a title clearly carries notice that a uniform budget system is provided for in the act, and the machinery for its provisions is just as clearly germane to that clause of the title.

It is next contended that the act is unconstitutional, in that section 24 of the act provides that the books, receipts, blanks, records, etc., to be formulated for the use of the county under the provisions of the Uniform Account Laws of the commonwealth are to be furnished by the state, and, there being no appropriation for such supplies, for the state to pay for them would violate section 230 of the Constitution which provides:

"No money shall be drawn from the state treasury, except in pursuance of appropriations made by law; and a regular statement and account of the receipts and expenditures of all public money shall be published annually."

This argument must fail because of a faulty premise. Section 24 of the act does not expressly provide what body shall furnish and provide these supplies to be used by the county officials in administering the fiscal affairs of the county. It will be noted that this section of the act refers to the provisions of the Uniform State Accounting Law of the commonwealth, which is chapter 12 of the Acts of 1914, as amended by chapter 174 of the Acts of 1926, now section 4606a-1 et seq. of the Statutes. In section 4606a-4 it is expressly provided that such books, forms, etc., as are used under that Uniform State Accounting Law by county officials, shall be procured and supplied as provided by law at the time that act became effective for such supplies, which was, of course, by the fiscal court or local officials. Reading, then, section 24 in the light of its reference to the Uniform State Accounting Act, and remembering that these supplies are for the use of the county in the keeping of its records and accounts, it is inescapable that the Legislature intended that these supplies should be furnished by the fiscal courts of the various counties. The state, through its examiner and

inspector, decides upon the forms to be used, and the counties themselves must furnish the books, etc., prepared in accordance therewith, to the officials whose duty it is to keep them. That the imposition of such duty upon the counties does not violate section 181 of the Constitution, as is argued by appellants, is settled by the cases of Hendrickson v. Taylor County Farm Bureau, 196 Ky. 75, 244 S. W. 82, and Furlong v. Darnaby, 206 Ky. 63, 257 S. W. 707, and their reasoning need not be repeated again.

It is next contended that, if the act be constitutional, it is inoperative, because there was no appropriation made to carry it out, and the case of State Board of Education v. Kenney, 230 Ky. 287, 18 S. W. (2d) 1114, is relied upon. The lack of appropriation is stressed in two particulars: First, it is claimed that the state inspector and examiner is required by section 24 of the act to install a uniform system of accounting in the various counties of the commonwealth, but that no provision for the expense of such installation is made. We find, however, that the appropriation act of 1932, chapter 25 of the Acts of 1932, inter alia, makes an appropriation of $22,500 for each of the two subsequent fiscal years to the state inspector and examiner for the purpose of paying salaries, traveling expenses, printing, stamps, office supplies, and all other expenses incident to the maintenance and operation of his department. This act was passed at the same session of the Legislature as was chapter 24 of the Acts of 1932. As said in Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690, 691:

"It is a well-established rule of interpretation that statutes enacted at the same session of the Legislature should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes in pari materia, and they should be read together and should not be construed as inconsistent, if they can be fairly read otherwise."

As well said by the trial judge in his opinion in this case:

"Here we have a case where the Legislature has directed the State Inspector and Examiner to do something in one act, and in another act appro-

priated money to him to perform the duties of his office. The installation of a uniform system of accounting is one of the duties of his office—just as any other duty. The Act requiring the performance of this duty, and the Act appropriating money for the maintenance and operation of his office, must be construed together, and it is, therefore, incumbent upon the State Inspector and Examiner to carry out the duties imposed upon him by chapter 24 of the Acts of 1932, and to use the money, or so much of it as is necessary which the Budget Act of 1932 appropriated to him.''

The second particular in which the lack of an appropriation is stressed is that no appropriation was made for the state budget commission to get up the forms to be used by the county budget commissions and to procure the necessary postage to carry out the duties enjoined upon them by the act. Per contra, the appellees argue that this expense must be borne by the counties pro rata, or, if in error as to this, the expense incident to the discharge of these duties is so slight that the maxim, ''de minimis non curat lex,'' must apply. That the expense will be trivial hardly admits of doubt, and that the counties are not required to pay it by the act is equally free from doubt. The question then presented is whether the act is inoperative because of the lack of an appropriation to meet so modest and trivial expense. This is a suit under the Declaratory Judgment Act, section 6 of which (section 639a-6, Civil Code of Practice) authorizes the court to refuse to exercise its power to declare rights where in its judgment such a declaration is not necessary or proper under all the circumstances. It perhaps may be that the state budget commission will find a way to meet the very modest expense of getting up and sending out these forms, especially in view of the fact that by section 101 of the Appropriation Act of 1932, chapter 25, Acts of 1932, there was made available to the Governor, who is a member of the state budget commission, for each of the fiscal years ending in 1933 and 1934, a fund of $50,000, which he may, with the approval of the state budget commission, expend when and as in their opinion any emergency may arise which would justify the expenditure of any part of such fund, and it may be that this commission will not insist on the contention that the

act, otherwise constitutional and operative, is inoperative because of lack of provision for such expense, a lack which the next Legislature will no doubt supply. In view of this, we do not deem it necessary or proper at this time to declare whether the act is operative or not because of this lack of provision for this modest and trivial expense.

Such being our views, the judgment of the lower court is modified to the extent that no declaration is made as to whether the act is operative or not because of lack of an appropriation to meet the expense of the state budget commission in getting up and sending out the forms, and, as so modified, it is affirmed.

Whole court sitting.