McDonald v. City of Louisville.

113   425
f 113 560

CASE 56—ACTION BY E. L. MCDONALD FOR HIMSELF AND OTHERS AGAINST THE CITY OF LOUISVILLE TO ENJOIN THE COLLECTION OF TAXES.—MAY 21.

# McDonald v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—LEVY OF TAX—DISCRETION OF CITY COUNCIL—TAX FOR LOCAL PURPOSES—IMPOSITION—POWER OF LEGISLATURE.

Held: 1. Under Kentucky Statutes, sections 2981, 2982, part of charter of cities of the first class, providing that "in the ordinance fixing for any year the tax rate the general council shall subdivide its levy as follows," stating as one of the subdivisions "a levy for deficit taxes," and further providing that if, in any year, less than ninety-five per cent. of the estimated revenue shall be collected, any deficiency within ninety-five per cent. "may" be provided for in the levy of the next year, and shall be

called the "Deficit Tax," the levy of a deficit tax is left to the
sound discretion of the general council.

2. Const., section 181, providing that "the General Assembly shall
not impose taxes for the purpose of any county, city or other
municipal corporation, but may by general laws, confer on the
proper authorities thereof, respectively, the power to assess and
collect such taxes," has taken from the General Assembly the
power to impose taxes for purely local purposes, and while that
body can prescribe the purposes for which such taxes may be lev-
ied, and fix a maximum rate therefor, the assessment and collec-
tion of taxes are left to the discretion of the local authorities; and
therefore the amendment of March 16, 1900, to the charter of
cities of the first class is unconstitutional, to the extent that it
requires the general council to levy a specified tax to create a
fund for pensioning crippled and disabled members of the fire de-
partment and the families of deceased members.

McDONALD & McDONALD, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Municipalities have no inherent power to levy taxes, and
such power as is delegated to them, to do so, by the Legisla-
ture, must be strictly construed and strictly followed; while on
the other hand, the Legislature has, in the absence of constitu-
tional restrictions, unlimited power to prescribe the mode in
which municipal taxes shall be levied. Cooley on Constitu-
tional Limitations, 227; Kniper v. City of Louisville, 7 Bush,
599; Caldwell v. Rupert, 10 Bush, 79; Wheatley v. City of Coving-
ton, 11 Bush, 18; Johnson v. City of Louisville, 11 Bush, 527;
Judge of Campbell Co. Court v. Taylor, 8 Bush, 206; City of
Paris v. Moran, 5 Ky. Law Rep., 333; Constitution of Ky.
secs. 156, 181; Cooley on Const. Lim., 282-3; 25 Am. & Eng.
Ency. of Law, 595; Kentucky Statutes, sec. 2981.

2. Section 2981 as amended by Act of March 20, 1900, re-
quiring the compulsory levy of a tax for the several purposes
therein named, is not in contravention of section 181 of the Con-
stitution, and must be obeyed by the general council of the
city of Louisville in its levy of taxes. 10 Am. & Eng. Ency. of
Law, (1st ed.) 175; Neary v. P. W. & B. Ry. Co. (Del.) 9
At. Rep., 411; South Cov. & C. St. Ry. Co. v. Town of Bellevue,
20 Ky. Law Rep., 1184; Paducah St. Ry. Co. v. County of Mc-
Cracken, 20 Ky. Law Rep., 1294; Kentucky Statutes, secs. 4077,
2853, 2816, 2969, 3219, 3469, 3595.

3. Firemen's pension fund, act of March 16, 1900. If it should
be held that section 2981 is unconstitutional because it is man-
datory in its provision that the council shall levy a tax for all

the purposes specified, then the whole act must be considered as void, since the various parts of it are not severable without doing violence to the intention of the Legislature, and as a consequence, it can afford no authority to the general council to· levy. taxes for any of the purposes enumerated. Cooley on Const. Lim., 210, 211.

4. The option to levy or not to levy a· deficit tax given to the general council by section 2982 (as amended by act of March 16, 1898) was impliedly repealed by the act of March 20, 1900, amending section 2981, and making the levy of the deficit tax mandatory, since the two acts are utterly inconsistent. Sedgwick on Construction of Stat. & Const. Law, 104.

JOHN MASON BROWN, FOR APPELLANT.

CONTENTIONS AND AUTHORITIES FOR AIPPELLANT.

1. The act of March 20, 1900, amending or repealing section ·2981, Kentucky Statutes is mandatory, and makes it necessary to the validity of an ordinance passed in pursuance thereof that the levy of city taxes shall be subdivided among all the funds named therein. The item designated as a ·"Deficit Tax" must be included in the ordinance. Session Acts, 1900, Ch. 16, page 53.

2. Municipalities being mere agencies of the State possess no power save those expressly delegated or necessarily implied. Any doubt arising out of the terms of the grant must be resolved in favor of the public as against the taxing power. 15 Am. & Eng. Ency. Law, pp. 989, 1041, 1047; Clark v. Davenport, 14 Ia., 494; Merian v. Moody, 25 Ia., 163; State v. Smith, 31 Ia., 493; Keokuk v. Scroggs, 89 Ia., 447; Logan v. Pyne, 43 Ia., 524; Burlington v. Kellar, 18 Ia. ·59; Bloom v. Xenia, 32 Ohio St., 461; Minturn ·v. LaRue, 23 How. (U. S.), 435; Thompson v. Lee Co., 3 Wal. (U. S.), 327; Thomas v. Richmond, 12 Wall. (U. S.), 349; Cooley on Taxation (2d ed.), pp. 76, 280, 678; Dillon on Municipal Corporations, vol. 1, p. 118; Cooley on Constitutional Limitations, pp. 227, 231, 599; Stetson v. Kempton, 13 Mass., 272; Abendroth v. Greenwich, 29 Conn., 356; Webster v. Harwinton, 32 Conn., 151; Youngblood v. Sexton, 32 Mich., 406; Leitchfield v. Vernon, 41 N. Y., 123; Spencer v. Merchant, 125 U. S., 345; Ger. Sav. Bank v. Burlington, 27 S. E. Rep., 846; Caldwell v. Rupert, 10 Bush (Ky.), 179; Wheatley v. Covington, 11 Bush, 18; Johnson v. City of Louisville, 11 Bush, 527; Kniper v. City of Louisville, 7 Bush, 593.

3. It is ·clearly within the power and province of the Legislature to designate in mandatory terms the purposes for which taxes shall be levied by cities. 25 Am. & Eng. Ency. Law, 595; People v. Detroit, 28 Mich.; 228;· Newman v. Scott Co., 5

Snead (Tenn.), 695; State v. Franklin Co., 35 Ohio St., 458; State v. Tappan, 29 Wis., 664; Dillon on Municipal Corporations, vol. 1, p. 126; Dillon on Municipal Corporations, vol. 2, p. 731; Lott v. Ross, 38 Ala., 156; Sewell v. St. Paul, 20 Minn., 511-520; Chicago v. Wright, 32 Ill., 192; Leach v. Cargill, 60 Mo., 316; Cooley on Taxation (2 ed.), 679; Hilliard on Taxation, 318; Cooley on Constitutional Limitations, pp. 282, 283; Guilford v. Supervisors, etc., 18 Barb. (N. Y.), 615; New Orleans v. Clark, 95 U. S., 644; Sinton v. Ashbury, 41 Cal., 525.

4. The ordinance concerning the taxes for the fiscal year 1902 not being in strict accord with the statutory requirement and no provision being made for the item known as "Deficit Tax," the ordinance is *ipso facto* null and void. 17 Am. & Eng. Ency. Law, pp. 236, 248; *Ex parte* Kuback, 45 Cal., 274; Burlington v. Kellar, 18 Ia., 65; Parid v. Graham, 33 Mo., 94; Collins v. Hatch, 18 Ohio, 523; Schenley v. Com., 36 Pa. St., 29; State v. Clark, 54 Mo., 17; Adams v. Mayor, etc., of Albany, 29 Ga., 56; Taylor v. Griswold, 14 N. J., 222; Rothschild v. Darien, 69 Ga., 503; Metcalfe v. St. Louis, 11 Mo., 102; State v. Noyes, 30 N. H., 279; Clarke v. Rochester, 28 N. Y., 605; State v. Welch, 36 Conn., 215; White v. Bayonne, 49 N. J. L., 311; Newton v. Belgar, 143 Mass., 598; Lozier v. Newark Board of Health, 48 N. J. L., 452; State v. Brittain, 89 N. Car., 574; Cape Girardeau v. Riley, 72 Mo., 220; Com. v. Goodnow, 177 Mass., 114; Katzenberger v. Lawo, 25 Amer. St. Rep., 681; Cooley on Constitutional Limitations, 239; Wood v. Brooklyn, 14 Barb (N. Y.), 425; Petersburg v. Metzger, 21 Ill., 205; Southport v. Ogden, 23 Conn., 128; Andrews v. Insurance Company, 37 Me., 256; Canton v. Nist, 9 Ohio St., 439; Carr v. St. Louis, 9 Mo., 191; Com. v. Erie, & N. E. R. R. Co., 27 Pa. St., 339; Conwell v. O'Brien, 11 Ind., 419; March v. Com., 13 B. Mon., 25; Baldwin v. Green, 10 Mo., Kniper v. City of Louisville, 7 Bush, 599; Sedgwick on Stat. and Const. Law, 466; Caldwell v. Rupert, 10 Bush, 182; Johnson v. City of Louisville, 11 Bush, 527; Judge Campbell Co. Court v. Taylor, etc., 8 Bush, 206; City of Paris v. Moran, 5 Ky. Law Rep., 333.

5. The act of March 20, 1900, amending section 2981, Kentucky Statutes, in no way violates the provisions of section 181, present Constitution, as no rate or sum is designated or imposed, and only the purpose or item is prescribed. Present Constitution, sec. 180 and sec. 181; Bouvier's Law Dictionary, (ed. 1897), p. 1093; Rapalje & Lawrence's Law Dict. vol. 2, p. 1253; Kentucky Statutes, sec. 4077; South Covington, etc., Ry. v. Bellview, 30 Ky. Law Rep., 1184.

McDonald v. City of Louisville.

HENRY L. STONE, CITY ATTORNEY, FOR APPELLEE.

### STATEMENT.

This action was brought by appellant, E. L. McDonald, for himself and all others similarly situated, to obtain an injunction against the appellee, City of Louisville, enjoining and restraining the collection of ad·valorem taxes for the fiscal year ending August 31, 1902, under the ordinance made part of the petition levying taxes for said fiscal year, passed by the general council and approved by the mayor December 27, 1901.

The original petition relies solely upon the omission, failure, or refusal of the general council to levy a deficit tax, while the amended petition relies on the omission, failure, or refusal of the general council to levy a tax for the firemen's pension fund.

The court below refused to grant appellant the injunction prayed for, sustained appellee's demurrer to the petition as amended, and dismissed the action. From this judgment appellant prosecutes this appeal.

1. It is not alleged in appellant's petition that there was any necessity for the levy of a deficit tax for the fiscal year ending August 31, 1902. By the express provision of section 2982, Kentucky Statutes, it is only in case "less than ninety-five per cent. of the estimated revenue shall be collected," that "any deficiency within ninety-five per cent. may be provided for in the levy of the next year, and shall be called the deficit tax." It must be assumed that the estimated revenues for 1901 to the extent of ninety-five per cent. had been collected, when the levy ordinance for 1902 was passed by the general council and approved by the mayor, in the absence of an averment to the contrary in appellant's petition.

### FIREMEN'S PENSION FUND.

2. The amended petition relies on an act pertaining to the Firemen's Pension Fund, approved March 16, 1900 (Sess. Acts, 1900, p. 23), in the seventeenth section of which this clause occurs:

"There shall be levied and set apart by the general council of cities of the first class each year one-half of one per centum on each one hundred dollars of value of the taxable property in said cities for said year as a fund for the pensioning of crippled and disabled members of the fire department, and of the widows and dependent children under the age of sixteen years, and dependent fathers and mothers of deceased members of the fire department of said cities."

No plainer violation of the prohibition in section 181 of the

State Constitution could have been made by legislative enactment.

"The General Assembly shall not impose taxes for the purposes of any city, . . . but may by general laws confer on the proper authorities thereof . . . the power to assess and collect such taxes."

### THE OTHER LEVIES MADE ARE LAWFUL.

3. But even if all the other contentions of appellant's counsel were correct, with respect to the duty of the general council to levy a "deficit tax," and a tax for the firemen's pension fund, and that body had omitted, failed or refused to discharge such duty, certainly the levies made by the ordinance of December 27, 1901, being within the statute and such levies as are provided for and ought to have been made, are not invalid, but collectible by law. The remedy, if these two omitted levies should be made, would be by mandamus against the general council, compelling that body to make a levy for these two purposes, which it had failed or refused to make, when the law required the same to be made. In other words, the appellant, in any event, on his own showing has mistaken his remedy if he has one at all. The levies made are legal, and ought to have been made, and will not be disturbed by a court of equity, aside from the question as to whether additional levies should be made or not.

For the reasons urged, and under the statutes and authorities referred to, I respectfully submit that the court properly refused the injunction prayed for, sustained appellee's demurrer to the petition as amended, and dismissed the appellant's action.

### AUTHORITIES CITED.

State of Connecticut *ex rel.* Bulkley v. Williams, Treasurer of Glastonbury (68 Conn., 131) 48 L. R. A., 465; People, *ex rel.* Le Roy v. Hurlbut, 24 Mich., 44 (9 Am. Rep., 103); People, *ex rel.* Park Comrs. v. Detroit, 28 Mich., 228 (15 Am. Rep., 202); People v. Lynch, 51 Cal., 15, 21 Am. Rep., 677; State, *ex rel.* Atty. Gen. v. Moores, 55 Neb., 481 (41 L. R. A., 624, 76 N. W., 175); State, *ex rel.* Simeral v. Seavey, 22 Neb., 454 (35 N. W., 228); Evansville v. State, *ex rel.* Blend, 118 Ind., 426 (4 L. R. A., 93) (21 N. E., 267); Livingston v. Wider, 53 Ill., 135; Wider v. East St. Louis, 55 Ill., 135, Ill. Con. Art., 9, sec. 9; Wetherel v. Dinvine, 116 Ill., 631 (5 N. E., 596; 8 N. E., 788); Speed v. Dertoit, 100 Mich., 92 (58 N. E., 638).

4. Kentucky Statutes, section 2981 is directory only and

McDonald v. City of Louisville.

should be construed in connection with section 2982 which leaves the levy of a "deficit tax" to the discretion of the general council.

5. The act of March 16, 1900 is in conflict with sections 3 and 181 of the State Constitution.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

This action was brought by the appellant, E. L. McDonald, a citizen and taxpayer of the city of Louisville, for himself and all others similarly situated, to obtain an injunction against the appellee, enjoining the collection of all ad valorem taxes levied by the general council for the fiscal year ending August 31, 1902, upon the ground that they failed and refused to levy a "deficit tax" as required by law. And in an amended petition they seek the same relief on the ground that the general council had failed or refused to levy a tax as required by the act of March 16, 1890, to create a pension fund for disabled firemen, their widows, dependent children, fathers, and mothers. A general demurrer was sustained to both the original and amended petitions, and each of them dismissed, and this appeal is to reverse that judgment.

The decision of this case involves the construction of sections 156, 180 and 181 of the Constitution. Section 156 is as follows: "The cities and towns of this Commonwealth, for the purposes of their organization and government, shall be divided into six classes. The organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions." Section 180 provides: "The General Assembly may authorize the counties, cities or towns to levy a poll-tax not exceeding one dollar and fifty cents per head. Every act enacted by the General Assembly

McDonald v. City of Louisville.

and every ordinance and resolution passed by any county, city, town or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied and no tax levied and collected for one purpose shall ever be devoted to another purpose." Section 181 provides that "the General Assembly shall not impose taxes for the purpose of any county, city, town or other municipal corporation, but may by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes." Pursuant to section 156 of the Constitution, the General Assembly passed an act for the government of cities of the first class of this Commonwealth, which was approved on July 1, 1893. The first section of the act, which is section 2742 of the Kentucky Statutes, provides that "the inhabitants of cities of the first class are hereby continued corporate by the name and style which they now bear, with power to govern themselves by such ordinances and resolutions for municipal purposes as they deem proper, not to conflict with this act nor the Constitution and laws of this State, nor of the United States." And in section 2981 of the statutes, in conformity with section 180 of the Constitution, it was provided that: "In the ordinance fixing for any year the tax rate, the general council shall subdivide its levy as follows: A levy for schools, a levy for the sinking fund, a levy for police purposes, a levy for the fire department, a levy for street and sewer cleaning, a levy for sprinkling streets, a levy for reconstruction of streets, a levy for street repairs, a levy for construction and repair of sewers, a levy for the house of refuge, a levy for charitable institutions, a levy for general purposes ,and a levy for deficit taxes." By an amendment of March 15, 1898, provision was made for a levy for library purposes and poll taxes; and it was

McDonald v. City of Louisville.

further provided that the general council might omit any of the foregoing levies when not demanded by public interest. This section was amended by an act approved March 20, 1900, so as to make its closing sentence read as follows: "The general council 'shall' cause the foregoing levy to be made for the purposes stated by the ordinance fixing the tax rate for each year." Acts 1900, c. 16. The levy ordinance of December, 1901, does not contain a levy for a deficit tax, or to create a pension fund, as required by the act of March 16, 1900, and appellants insist that for this reason the entire levy is illegal and void. Section 2982 provides that "in no fiscal year shall the general council appropriate or expend, or contract for the expenditure of more than ninety-five per cent. of the estimated revenue of the current year, unless more than that shall be actually collected. And if in any year less than ninety-five per cent. of the estimated revenue shall be collected, any deficiency within ninety-five per cent. 'may' be provided for in the levy of the next year, and shall be called the deficit tax."

· The general council is not required to levy a deficit tax unless there is an actual deficit in the revenues for the year, and if we give a construction to both sections 2984 and 2982, so as to make both of them effective, we must conclude that the General Assembly did not intend to require the levy of a deficit tax whether there was any necessity for it or not, but it was intended to leave the levying of this particular tax to the sound discretion of the general council, who necessarily knew whether such deficit in fact existed or not. It is not alleged in either the original or amended petitions that there was any necessity for the levy of a deficit tax for the fiscal years ending the 31st of August, 1902, and it must therefore be assumed that

95 per cent. of the estimated revenue for 1901 had been collected when the levying ordinance for 1902 was passed by the general council. In the absence of the conditions pointed out in section 2982, the general council was not required to levy a tax for deficit taxes, and the demurrer was therefore properly sustained to the original petition."

The purpose of the amendment to appellees' charter approved March 16, 1900 (Acts 1900, c. 8), as expressed in the title, was for the "better government, administration, disposition and discipline of the fire department; and to create a perpetual pension fund for disabled firemen, their widows and dependent children, fathers and mothers; and to create a perpetual board of trustees for the management and conduct thereof, and to pension members thereof after service of a term of years." The general administration and government of the fire department are imposed upon the board of public safety. Section 16 of the act provides that "there shall be organized in connection with said department a board to be known as the board of trustees of the firemen's pension fund, which shall be composed of the chairman or president of the board of public safety, the chief of firemen, the city attorney, the comptroller and city treasurer." And section 17 provides: "There shall be levied and set apart by the general council of cities of the first class each year one-half of one per centum of each one hundred dollars of value of the taxable property in said cities for said year as a fund for the pensioning of crippled and disabled members of the fire department, and of the widows and dependent children under the age of sixteen years, and dependent fathers and mothers of deceased members of the fire departmnt of said cities. All moneys received under this tax levy shall constitute and be kept as a fund to be called the firemen's

pension fund, and the said board heretofore designated is hereby declared to be a trustee of all said fund, and shall have power and it shall be their duty from time to time to invest the same in whole or in part as they shall deem most advantageous for the objects of said fund." Section 20 provides that "the said board of trustees shall have the power to draw such pension fund from the treasury and may invest the same, or any part thereof, in the name of the board of trustees of the firemen's pension fund, in interest bearing bonds of the United States of the State of Kentucky, and all such securities shall be deposited with the treasurer of said city as *ex officio* treasurer of said board." Section 21 provides: "The interest received from the investment of said sum shall be applicable to the payment of the pensions under this act, and it shall be within the power of the board of trustees to diminish and adjust the annual rate of per centum authorized by this act to be set apart for the firemen's pension fund from the general tax levy for municipal purposes, so that the income from interest, percentage of salaries of the officers, members and employes, fines and other moneys received as set forth herein, shall meet the requirement of the pension list as provided by this act: Provided, that at no time shall the fund exceed three hundred thousand dollars."

Questions as to the power of the Legislature to impose burdens upon municipalities without their consent have been a prolific source of litigation, and the general trend of the decisions is to the effect that the legislative power of taxation is absolute, except as limited by restriction of the State and Federal Constitutions. In the note to the case of State v. Williams, which was decided by the Connecticut supreme court of errors, and is found in 48 L. R. A., 465 (s. c., 35 Atl. 24, 421), the editor says: "Con-

sidered as mere agencies of government, municipal corporations are undoubtedly subject to the absolute control of the Legislature, except, perhaps, as to their property rights. Many of the cases, however, have recognized the twofold character in such corporations—the one public, as regard the State at large, in so far as they are its agents in government; the other private, in so far as they are to provide the local necessities and conveniences for their own citizens—and have denied the absolute control of the Legislature over matters referable to the private, as distinguished from the public, character of such corporations. The difficulty in placing a limit to the legislative control over municipal corporations, at least where their property rights are not concerned, is to find any constitutional restriction upon it. This difficulty was obviated by Justice Cooley in People v. Hurlbut, 24 Mich., 44, 9 Am. Rep., 103, by resorting to the doctrine of an implied constitutional guaranty to municipal corporations of the right of self-government in respect to purely local affairs. He based this doctrine upon the fact that the Constitution was adopted in view of, and recognized the existence of, a system of local government well understood and tolerably uniform in character, existing from the early settlement of the country. The opinion says that the question, broadly and nakedly stated, is 'whether local self-government in this State is or is not a mere privilege, conceded by the Legislature in its discretion, and which may be withdrawn at any time at pleasure.' As already shown, he regarded it as a constitutional right, and not merely as a legislative privilege." He confined the doctrine strictly to matters which relate to the private, as distinguished from the public, functions of municipal corporations. And in the subsequent case of People v. Common Council of Detroit, 28

McDonald v. City of Louisville.

Mich., 228, 15 Am. Rep., 202, Judge Cooley, in his opinion, said: "The constitutional principle that no person shall be deprived of property without due process of law applies to municipal corporations in their private capacity, as well as to corporations for manufacturing and commercial purposes; and when a local convenience or need is to be supplied, in which the people of the State at large or any portion thereof outside of the city limits are not concerned, the State can no more by process of taxation take from the individual citizen his money to purchase it, than they could, if it had been procured, appropriate it to State uses." In People v. Lynch, 51 Cal., 15, 21 Am. Rep., 677, the court held that the provision of the Constitution requiring the Legislature to provide for the organization of cities and incorporate villages, and the provision that each town or city and incorporate village shall make provision for the support of its own officers, subject to such restrictions and regulations as the Legislature may prescribe, contemplate cities and villages having the essential feature of American cities and villages; the very idea of an American city or village involves the idea of self-government, of local officers selected by the inhabitants, and reflecting the wants and wishes of the inhabitants, and that such officers shall exercise their own judgment in respect to the internal affairs committed to their charge by the laws of their creation. And it was there held that the Legislature could not deprive the city council of all discretion with respect to a local improvement within the limits of the city, when by the charter the matter of such improvement was left to the judgment and discretion of the local body. Substantially the same doctrine was announced in State v. Moores 55 Neb., 480, 76 N. W., 175, 41 L. R. A., 624; City of Evansville v. State, 118 Ind., 426, 21 N. E., 267, 4 L. R. A., 93,

and in many other cases, which may be found cited in notes
to State v. Williams (Conn.), 48 L. R. A., 465 (s. c., 35 Atl.,
24, 421). These cases held that the power of the Legisla-
ture was supreme in matters of general concern, but that
in all matters purely local the power of the Legislature to
impose burdens is denied. The cases relied upon to sup-
port the contention of appellant from this State were all
decided before the adoption of the present Constitution;
and in those relied on from other States, the Constitutions
of such States do not contain restrictions upon the power
of the Legislature similar to ours. Section 181 was in-
tended to take away from the General Assembly the power
to impose taxes upon towns and cities, and to confer this
power upon the local authorities. In the act in question
they have not only imposed a tax upon the city of Louisville,
but they also fix the levy and purpose to which the money
is to be applied. No discretion is left in the council with
regard to the matter. They must continue the levy until
$300,000 shall have been accumulated. The wisdom of
section 181 is forcibly illustrated in the practical working
of this legislation. The tax of 50 cents on the $100 upon
the present assessment of the city of Louisville would yield
$637,500—a sum enormously in excess of what would, un-
der any circumstances, be required. The present levy is
$1.59 on the $100. This sum includes the levy for schools
and the sinking fund, which aggregate 48½ cents, leaving
the remainder of $1.10½ for other purposes. If we add
50 cents for the pension fund, the levy would be in excess
of the maximum rate of taxation allowed by section 157 of
the Constitution to cities of the first class. The Constitu-
tion has taken from the General Assembly the power to
impose taxes for purely local concerns, and whilst they can
prescribe the purposes for which such taxes may be levied,

and fix a maximum rate therefor, unless they are necessary for the maintenance of the municipality, or involve the interest of the general public outside of such municipality, their assessment and collection are left to the discretion of the local authorities. In section 17 of the amendment the General Assembly, has disregarded the limitation imposed upon them by the Constitution in such matters, and in consequence thereof it is unenforceable.

Judgment affirmed.

Whole court sitting.