## Warley et al. v. Board of Park Commissioners et al.

(Decided March 28, 1930.)

WRIGHT & WRIGHT for appellants.

WILLIAM T. BASKETT and ROWAN HARDIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

William Warley et al. were unsuccessful in the trial court and have brought us their complaint.

They are complaining of two rulings made by the defendant board. One is a ruling made June 17, 1924, the other a ruling made May 29, 1928.

The effect of these rulings is to assign to the colored people of Louisville certain parks, swimming pools, playgrounds, and equipment for their exclusive use in part and to designate others for the exclusive use, in part, of white people. There is neither allegation nor proof of any discrimination in the furnishing of these things, or that equal facilities are not furnished each race.

They attack section 2848 of Ky. Stats., and say the Legislature, in enacting this section, merely meant to give to the defendant board power to make rules and regulations in reference to the parks and park property, which is, they say, a very different thing from giving it the power to make laws.

Just what they mean by that is rather difficult to grasp. If they mean the board can make these rules and regulations, but that they are meaningless and unenforcible when made, they are mistaken, for, by a further part of the section, there is provision for enforcing them.

That the Legislature can confer on administrative boards, such as defendant, or a board of health, a tenement house board, a zoning board, a board of public works, or other public bodies the power to make reasonable rules and regulations is not an open question.

See sec. 574 Dillon on Municipal Corporations (5th Ed.); sec. 707, McQuillan on Municipal Corporations (2d Ed.); State Racing Commission v. Latonia Ag. Ass'n, 136 Ky. 173, 123 S. W. 681, 25 L. R. A. (N. S.) 905; Craig v. O'Rear, 199 Ky. 553, 251 S. W. 828; Klein v. City of Louisville, 224 Ky. 624, 6 S. W. (2d) 1104.

Their next contention is that a municipality is a government within itself, distinct from state government, and has legislative control of municipal property, and in support of this contention, they cite the case of City of Lexington v. Thompson, 113 Ky. 540, 68 S. W. 477, 24 Ky. Law Rep. 384, 57 L. R. A. 775, 101 Am. St. Rep. 361, and similar cases from other states. With those from other states dealing with different constitutional questions, we are not concerned, and as to the case of the City of Lexington v. Thompson, we call attention to the criticisms of it in Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S. W. (2d) 606; City of Paducah v. Evitts, 120 Ky. 444, 86 S. W. 1123, 27 Ky. Law Rep. 867; Ex parte City of Paducah, 125 Ky. 510, 101 S. W. 898; and Schmitt v. Dooling et al., 145 Ky. 240, 140 S. W. 197, 36 L. R. A. (N. S.) 881, Ann. Cas. 1913B, 1078, as a result of which its authority is much enfeebled, and it is now established that the theory that the right of local self-government inheres in a municipality is essentially unsound, and the power of the Legislature to make provisions for and to direct legislation, in all matters relating to public health, education, public peace, and kindred questions, is now definitely established. See Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S. W. (2d) 606.

This does not mean the General Assembly may legislate on fiscal affairs and other matters of purely municipal concern, but that in matters in which the general public is concerned, matters governmental, it may. Again see Board v. Schupp, 223 Ky. 269, 3 S. W. (2d) 606, 608, in which case we said:

"The people of Kentucky are a free, a sovereign people, and when the duly accredited representatives of that people meet in general assembly, that sovereignty inheres in that assembly. It does not look or have to look to Constitutions for grant of its authority, for it is the representative body of a sovereign people, recognizing no human authority above itself, and restricted only by those limitations

which have been, for the common good, yielded to the federal government, and those which for our common safety have been embodied in our state Constitution.''

They cite the case of City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498, wherein we held the city council of Louisville could not delegate to certain commissioners the authority to make certain employments and incur certain expenses, and from that they argue the Legislature could not empower this defendant board to make rules, regulations, etc. They overlook the vast difference between the power of the General Assembly and the city council of Louisville. One is a creator, the other is a creature. One is a sovereign, the other is a subject.

Next they cite the Fourteenth Amendment to the Constitution of the United States, because of which they say the rules and regulations complained of are invalid. To go into this would be but a rethrashing of old straw. These questions have all been settled. See Hall, Adm'x v. De Cuir, 95 U. S. 485, 24 L. Ed. 547; Chiles v. C. & O. Ry. Co., 218 U. S. 71, 30 S. Ct. 667, 54 L. Ed. 936, 20 Ann. Cas. 980; Plessy v. Ferguson, 163 U. S. 540, 16 S. Ct. 1138, 41 L. Ed. 256; Ohio V. Ry.'s Receiver v. Lander, etc., 104 Ky. 431, 47 S. W. 344, 882, 20 Ky. Law Rep. 913; Shelton v. C., R. I. & P. R. Co., 139 Tenn. 378, 201 S. W. 521, L. R. A. 1918D, 707.

The trial court did not err in dismissing the petitions of the plaintiffs. The judgment is affirmed.