# Campbell et al, v. Board of Trustees of Fireman's Pension Fund of Louisville.

(Decided October 3, 1930.)

WILLIAM M. DUFFY for appellants.

JOSEPH E. CONKLING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

At its 1928 session, the General Assembly of this commonwealth enacted chapter 73 of the Session Acts for that year, and which is now section 2896a-17 of the 1930 Edition of Carroll's Kentucky Statutes; it being an amendment to chapter 122 of the Acts of 1912, and is a part of the charter of cities of the first class. The subject-matter of the amendment, as well as the statute that was amended, related to the levying of a prescribed ad valorem tax by the city of Louisville for the purpose of creating a fund to pension disabled firemen and the widows and dependents of those who lose their lives in the discharge of their duties as such. The original statute before the 1928 amendment provided for a discretionary pension to those who were entitled to it under the law, as enacted, not to exceed $30 per month and a discretionary levy of an annual tax by the city council not to exceed a fixed maximum rate for the purpose of creating a fund with which to pay the provided for pensions. The 1928 amendment *mandatorily* required that the city, through its legislative department, should adopt and provide for a system of pensions for injured firemen and their dependents if killed in service, instead of leaving the matter to the discretion of the council and merely vesting it with the authority and power to do so, as did the 1912 statute and its predecessors on the subject. Under the provisions of the 1928 amendment, those who were entitled to and who were drawing pensions under

the prior statutes were given the benefit of its mandatory requirements.

Plaintiffs and appellants here, Charles Campbell and others, were in that class, and requested the legislative department of the city of Louisville, and those vested with the administration of such pension system, to increase their pensions from $30 per month, as theretofore allowed, to $60 per month, as provided for in the 1928 amendment, and for the city council to increase the tax rate to the maximum provided for in the amendment so as to create a fund sufficient to meet its requirements. That demand and request was refused, followed by this action filed in the Jefferson circuit court for such mandatory processes as were necessary to enforce the provisions of the amendment and to carry into execution the prayer of the petition. The learned trial judge who determined the cause sustained a demurrer filed to the petition, by defendant and appellee, and, plaintiffs declining to plead further, their petition was dismissed, to reverse which they prosecute this appeal.

The demurrer was sustained upon the ground that the amendment of 1928 was in contravention of the provisions of section 181 of our Constitution, saying in part: "The general assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes." It will be perceived that the act amended followed the last alternative in the excerpt, i. e., that the General Assembly "may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes," and was therefore in strict conformity with constitutional authority. However, the amendment of 1928, is peremptory and mandatory in its terms when it employs this language: "There shall (*not 'may'*) be levied and set apart by the legislative body of cities of the first class a tax for the year 1928, not exceeding two cents on each one hundred dollars of value of taxable property in said cities for said year as a fund for the pensioning of crippled and disabled members of the division of fire department, and of the widows and dependent children under the age of fourteen years, and dependent fathers and mothers of deceased members of the division of fire department of said cities, and a like tax *shall* likewise be levied and set

apart for the same purpose, for any succeeding year,'' etc. (Our emphasis.)

The cases from this court relied on by counsel for defendant, and upon which the trial judge based his opinion, are McDonald v. City of Louisville, 113 Ky. 425, 68 S. W. 413, 24 Ky. Law Rep. 271, and City of Lexington v. Thompson, 113 Ky. 540, 68 S. W. 477, 24 Ky. Law Rep. 384, 57 L. R. A. 775, 101 Am. St. Rep. 361, each of which involved the same question and held that the attempted mandatorily imposed duty on the city council to create and provide for a pensioning system for disabled *firemen,* and their dependents, when killed, was in direct violation of the first part of the excerpt supra from section 181 of our Constitution, in that it did not stop at merely vesting power and authority in the legislative department of the municipality in its discretion to provide for such pensioning system, but mandatorily required that such should be done; and the involved enactments in each of those cases were held to be unconstitutional in so far as their mandatory requirements were concerned. That conclusion, as will appear from those opinions, was arrived at, after lengthy reasoning, upon the ground that the inhibition referred to in the constitutional section, 181, related exclusively to municipal matters and subjects, but did not inhibit legislation upon matters of such a general public nature as came within the purview of police action by the state to be exercised for the general public good, and which latter did authorize the Legislature to enact such mandatory legislation with regard to the pensioning of *policemen* and their dependents, if killed in the discharge of duties, since such legislation would be in furtherance of preserving the public peace and good order, as well as the enforcement of the laws, and which were duties and obligations resting upon the state and were not local and strictly municipal as the duties of firemen were therein adjudged to be. The reasoning by which such conclusion was arrived at in those two cases will not be repeated here, since it readily may be obtained by consulting the opinions. They have been cited in support of the doctrine they announced in the following subsequent cases: Commonwealth v. Sparks, 201 Ky. 5, 255 S. W. 859; Furlong v. Darnaby, 206 Ky. 63, 257 S. W. 707; Hendrickson, County Judge v. Taylor County Farm Bureau, 196 Ky. 75, 244 S. W. 82; Johnson v. Fordson Coal Co., 213 Ky. 445, 281 S. W. 472; Board of Trustees of Police-

men's Pension Fund v. Schupp, 223 Ky. 269, 3 S. W. (2d) 606; District Board of Trustees, etc., v. City of Lexington, 227 Ky. 7, 12 S. D. (2d) 348; and Warley et al. v. Board of Park Commissioners, 233 Ky. 688, 26 S. W. (2d) 554.

In none of those following opinions is the soundness of the doctrine announced in the McDonald and Thompson cases called in question, except in the last case of Warley v. Board of Park Commissioners, in which it was stated that some following opinions of this court "enfeebled" one of the holdings of the McDonald and Thompson opinions following some Michigan cases determined by Judge Cooley, in which it was held that municipalities were *inherently* possessed of certain self-governing powers not expressly or by necessary implication conferred upon them by the Legislature. But the holding of those two opinions that the creation of a fire department, and matters pertaining to and regulating it, was strictly a local matter upon which the state by its Legislature could not impose burdens upon the municipality, have never been criticized, but have constantly been adhered to in all of the later cases above referred to and others cited therein.

It may be that in all strictness the creation and provisions for fire departments in municipalities is not strictly a private affair of the municipality like some other engagements in which they are permitted to embark; but nevertheless it is strictly a local, and therefore a municipal government, function, with which the state has nothing to do, and in which it is not concerned as it is in the maintenance of policemen, as hereinbefore pointed out. But, whether such ventured suggestion be true or not, it is clear that, if true, it would not alter the doctrine of the McDonald and Thompson cases, which, we repeat, has been approved in the cited later ones in so far, at least, as the maintenance and operation of a fire department by a municipality was strictly a municipal purpose for which the Legislature could not impose taxes upon the property therein, against the inhibition imposed in the first part of section 181, supra, of our Constitution, but that it would be competent for the Legislature to *authorize* and *empower* the legislative authority of such corporation in its discretion to do so.

In view of the somewhat long standing of the McDonald and Thompson opinions, and in view of the failure of this court to recede therefrom in the many cases following them, but on the contrary to approve them upon the point here involved, we are unwilling at this late day to overrule them, or to hold that they are unsound, and to thereby authorize the Legislature to mandatorily impose taxes on municipalities for the maintenance and operation of a local fire department, which the cited opinions hold, and to which we still adhere, is at least a strictly local governmental matter within the purview of the inhibition contained in section 181 of the Constitution.

The pensioning system created by the act of 1912, and which was in existence at the time of the 1928 amendment, contained no such mandatory terms as does the latter, and did not, therefore, contravene the constitutional inhibition, and possibly the same interpretation might be given to the 1928 amendment in so far as it authorized an increase of the pension from $30 per month to $60 per month, and in so far as it authorized the levy of a tax of not exceeding 2 cents for that purpose. But, in so far as it *mandatorily* required an increase to $60 per month and the levying of a tax to create a fund sufficient to meet that purpose, we hold that it was unconstitutional for the reasons hereinbefore pointed out.

Wherefore the judgment is affirmed.