BOARD OF TRUSTEES OF POLICEMEN'S & FIREMEN'S RETIREMENT FUND OF CITY OF PADUCAH, Kentucky, et al., Appellants,

v.

CITY OF PADUCAH, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 18, 1960.

------

Reed & Hines, Joseph S. Freeland, Paducah, for appellants.

H. Warren Middleton, Earle T. Shoup, Paducah, for appellee.

Wilson & Wilson, Owensboro, amicus curiae.

CULLEN, Commissioner.

The appeal is from a judgment holding unconstitutional an Act of the 1956 General Assembly (1956, c. 16; KRS 95.851 to 95.-885) establishing a new form of retirement and pension system for the police and fire departments of cities of the second class. The Act is mandatory as to those second-class cities which prior to 1956 had established pension systems for police and firemen under former statutes (the appellee City of Paducah is in this category), and is optional as to other second-class cities. The Act requires the city to make contributions to the pension fund, upon an actuarially determined basis, out of the general fund of the city, and it is this provision that raises the question of constitutionality.

The opinion of the lower court was that the part of the Act relating to the *police* department, if standing alone, would not be unconstitutional, but that the part relating to the *fire* department was unconstitutional, and that the two parts could not be severed, so that the entire Act must be held invalid.

The holding that the Act was invalid as to the fire department was based upon City of Lexington v. Thompson, 113 Ky. 540, 68 S.W. 477, 57 L.R.A. 775; McDonald v. City of Louisville, 113 Ky. 425, 68 S.W. 413; and Campbell v. Board of Trustees, 235 Ky. 383, 31 S.W.2d 620. In the Thompson case (decided in 1902) the Court, in holding void an Act of the General Assembly fixing the compensation of members of the fire departments of second-class cities, adopted Judge Cooley's theory (as expressed in People ex rel. Board of Park Com'rs v. Common Council of Detroit, 28 Mich. 228, 15 Am.Rep. 202, and People ex rel. LeRoy v. Hurlbut, 24 Mich. 44, 9 Am.Rep. 103) that municipalities have the inherent right of self-government, free of state interference, in matters of purely local concern. In the McDonald case (also decided in 1902), the Court held invalid a legislative Act requiring cities of the first class to levy a tax to create a fund for pensioning firemen, basing its decision not only on Judge Cooley's theory but upon the view that Section 181 of the Kentucky Constitution, which provides in part that the General Assembly "shall not impose taxes for the purposes of any county,

city, town or other municipal corporation," prohibited the General Assembly from requiring a city to levy a tax for local purposes. The Court held that the maintenance of a city fire department was a matter of purely local or "private" concern, within Cooley's theory, and was for a purely local purpose within the meaning of Section 181. In 1930, in the Campbell case, the Court again held unconstitutional a legislative Act requiring cities of the first class to levy a tax to create a firemen's pension fund. The Court raised some question as to the soundness of Cooley's theory and of the Thompson opinion, but decided to adhere to the view expressed in the McDonald case that the maintenance of a fire department was strictly a municipal purpose, and that under Section 181 the legislature could not require a city to levy a tax for that purpose.

As concerns *police* departments, the decisions of this Court took a different course. In 1907, in Ex parte City of Paducah, 125 Ky. 510, 101 S.W. 898, the Court upheld an Act fixing the number of policemen in cities of the second class. The opinion, after stating that the broad power conferred upon the General Assembly by Section 156 of the Constitution to define and provide for the organization and powers of cities has no limitation other than in "principles announced by the courts" that the legislative power does not extend to functions performed by cities "merely for the convenience and benefit of the inhabitants", proceeded to give lip service to Cooley's theory and the decision in the Thompson case, but then held that by reason of the general public concern with the preservation of peace and the protection of life and property, city police systems form a part of the state government and therefore are subject to legislative control. And in 1928, in Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S.W.2d 606, the Court held valid a legislative Act which required that any city of the first class which previously had elected to establish a policemen's pension

system, under permissive legislation, must pay increased benefits. While the opinion made reference to the Thompson case, and distinguished it the same as was done in Ex parte City of Paducah, the Court called attention to the fact that the rule expressed in the Thompson case had often been questioned and there were many decisions of other courts to the contrary, and the Court had this to say about Cooley's theory (3 S.W.2d 609):

"The theory that the right of local self-government inheres in the municipalities of this state is essentially unsound, and is based upon the now discarded doctrine that the Constitution of this state is a grant or delegation of power by the people of the state to the state government, and is not, as is now generally recognized, a limitation upon a power which, merely by virtue of its sovereignty, would otherwise be absolute. * * *"

As concerns Section 181 of the Constitution, the Schupp case again held, as in Ex parte City of Paducah, that the maintenance of a city police force is not a matter of purely municipal concern or purpose, but is a matter of general public concern. The Court said (3 S.W.2d 609):

"* * * the general public is interested in the maintenance of order in all municipalities of the commonwealth, and the General Assembly may by general laws, require municipal corporations to take such steps and to impose such taxes as will provide for the maintenance of order. * * *"

In the foregoing discussion, it has been made evident that there are two grounds of attack upon the constitutionality of the Act now in question, as it relates to *firemen*. One is that the Act infringes an inherent right of local self-government, and the other is that it violates Section 181 of the Constitution. We will first consider ground No. 1.

As hereinbefore pointed out, the validity of the theory of an inherent right of local

self-government was severely questioned in Campbell v. Board of Trustees, 235 Ky. 383, 31 S.W.2d 620, and Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S.W.2d 606. In the Schupp case, and in Warley v. Board of Park Commissioners, 233 Ky. 688, 26 S.W.2d 554, 555, the Court said that "it is now established that the theory * * * is essentially unsound."

In Callis v. Brown, 283 Ky. 759, 142 S.W.2d 675, at page 678, it was said:

"The general rule is that in the absence of a constitutional provision safeguarding it to them, municipalities have no right to self-government which is beyond the legislative control of the state. * * *"

In Allen v. Hollingsworth, 246 Ky. 812, 56 S.W.2d 530, at page 531, this statement was made:

"Apart from restraints of the organic law, the Legislature has plenary powers in respect to the establishment and regulation of the government of municipalities, and such divisions of government possess only those powers that the state, through the Legislature, has conferred upon them, expressly or impliedly, and those granted powers may be enlarged or diminished in the discretion of the superior body, for the municipalities are derivative creations. * * *"

In Klein v. City of Louisville, 224 Ky. 624, 6 S.W.2d 1104, 1106, the Court said that Section 156 of the Constitution gives the General Assembly the power to define and provide both for governmental functions of cities and for "quasi private municipal functions."

See also Adams v. Burke, 308 Ky. 722, 215 S.W.2d 531; Covington Bridge Commission v. City of Covington, 257 Ky. 813, 79 S.W.2d 216; Bosworth v. City of Lexington, 277 Ky. 90, 125 S.W.2d 995; and George v. City of Raceland, 279 Ky. 316, 130 S.W.2d 825.

In 37 Am.Jur., Municipal Corporations, sec. 77, pp. 690 to 692, it is stated that most jurisdictions have discarded the theory of an inherent right of local self-government, and hold that such right exists only to the extent conferred or recognized by express constitutional provisions or to the extent necessary to protect against the taking of property held in a private or proprietary capacity.

We have concluded that the time has come for this Court to reject, positively and unequivocally, the theory that a right of local self-government inheres in Kentucky municipalities. We now do so, and we overrule City of Lexington v. Thompson, 113 Ky. 540, 68 S.W. 477, 57 L.R.A. 775, and McDonald v. City of Louisville, 113 Ky. 425, 68 S.W. 413, and the cases that have followed them, to the extent that they have recognized the now rejected theory.

This brings us to a consideration of Section 181 of the Constitution, the introductory phrase of which is: "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation * * *." As previously indicated, this phrase has been construed to mean that the General Assembly cannot require a city to impose a city tax for strictly local purposes, but can require a city to impose a city tax for purposes of general public or state-wide concern. Whether this is the proper construction of the constitutional provision is a question about which we will have something to say at a later point in this opinion, but for the purposes of the decision of the particular issue in this case we may treat it as being the proper construction. We also will treat the constitutional provision as prohibiting not only the requirement of the levy of a city *tax* for local purposes, but the requirement of the *expenditure of general city funds* for such purposes. See Kenton Water Co. v. City of Covington, 156 Ky. 569, 161 S.W. 988, and Campbell County v. City of Newport, 174 Ky. 712, 193 S.W. 1, L.R.A.1917D,

791. (Duke v. Boyd County, 225 Ky. 112, 7 S.W.2d 839, holds that the prohibition applies only to tax levies, but the cases cited in support of that holding do not support it.)

■ We are confronted with two cases (McDonald v. City of Louisville, 113 Ky. 425, 68 S.W. 413, and Campbell v. Board of Trustees, 235 Ky. 383, 31 S.W.2d 620) holding that the maintenance of a city *fire* department is a matter of strictly local purpose within the meaning of Section 181 of the Constitution, and two cases (Ex parte City of Paducah, 125 Ky. 510, 101 S.W. 898, and Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S.W.2d 606) holding that the maintenance of a city *police* department is a matter of general public concern, extending beyond strictly local purposes. This Court as presently constituted can find no sound basis for this distinction. Both departments serve the primary purpose of protecting persons and property. While the Paducah case and the Schupp case spoke of the preservation of "peace and order" by police departments as being a matter of general public concern, we do not conceive that the public generally has more concern with peace and order than with the safety of lives and property. A recent trend in city government has been to combine the police and fire departments into a single public safety unit, with personnel used interchangeably. So we feel that no distinction can be made between the two services, as far as Section 181 of the Constitution is concerned, and that the answer to the question of whether the service is a matter of strictly local concern or of general public concern must be the same as to both departments. Thus we are in the position of being required either to overrule the McDonald and Campbell cases, or the Paducah and Schupp cases.

Previous decisions have classed the following matters as being of general public, rather than purely local, concern within the meaning of Section 181 of the Constitution: *Schools* (City of Louisville v. Commonwealth, 134 Ky. 488, 121 S.W. 411); *farm bureaus* (Hendrickson v. Taylor County Farm Bureau, 196 Ky. 75, 244 S.W. 82); *tuberculosis hospitals* (District Board v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348); *children's homes* (Fox v. Board of Louisville & Jefferson County Children's Home, 244 Ky. 1, 50 S.W.2d 67); *junior colleges* (Pollitt v. Lewis, 269 Ky. 680, 108 S.W.2d 671, 113 A.L.R. 691); *libraries* (Board of Trustees v. City of Newport, 300 Ky. 125, 187 S.W.2d 806); and *hospitals* (Miller v. State Building Commission, 308 Ky. 249, 214 S.W.2d 265).

The foregoing cases disclose (not surprisingly) that the Court has considered such things as education, agriculture, health and welfare to be matters of general public concern. We feel that public safety is equally a matter of such concern. So we conclude that Section 181 of the Constitution does not prohibit the General Assembly from requiring cities to levy taxes or expend city funds for the purposes of police and fire departments, and we overrule McDonald v. City of Louisville, 113 Ky. 425, 68 S.W. 413, and Campbell v. Board of Trustees, 235 Ky. 383, 31 S.W.2d 620, to the extent that they hold to the contrary.

■ Our holding is that the grounds upon which the circuit court held the 1956 Act to be unconstitutional are not sustainable. Before discussing a further ground of unconstitutionality that was asserted in, but rejected by, the circuit court, we deem it appropriate to pose a query as to the correctness of the construction that previous decisions have placed on Section 181 of the Constitution.

As hereinbefore indicated, Section 181 has been interpreted as a denial of authority to the General Assembly to require a city or county to levy taxes for strictly local purposes. However, in Miller v. State Building Commission, 308 Ky. 249, 214 S.W.2d 265, it was recognized that the section may have an entirely different

meaning, namely, that the General Assembly may not impose taxes on the state as a whole and then out of the general fund provided by those taxes make an appropriation for local purposes of a county or city. In the Miller case the question was whether the state could use state funds to contribute towards the cost of construction of county and city hospitals. The Court said that under Section 181 the state cannot use its funds for a purely local purpose, but that hospitals are for purposes of state-wide interest and concern.

■ The language of Section 181 plainly and clearly conveys the meaning recognized in the Miller case. With this meaning it has an obvious purpose—to prohibit the General Assembly, through *its* taxing power, from evading by indirection the limits on the tax rates of cities and counties imposed by Section 157 of the Constitution. So we think the only question is whether Section 181, in addition to this meaning, can also have the meaning given it in previous decisions.

That the section was not intended to have the additional meaning is suggested by the following considerations: (1) It is very doubtful that the framers of the Constitution would have intended the section to have two entirely different meanings; (2) in order to give the section the second meaning it is necessary to read words into it; (3) no real protection is afforded to local governments under the second meaning, because the General Assembly could preempt all of the taxing power of the local governments by requiring tax levies for matters of "general public concern"; and (4) since the General Assembly, under Section 156 of the Constitution, has complete control over the "organization and powers" of cities, and can prescribe what officers, what form of government and what agencies they shall have, and what services they shall perform, there is little that can be accomplished by a limitation on the power of the state to require them to levy taxes.

It is not necessary in this opinion to decide, and we do not decide, the question we have raised as to the true meaning of Section 181. However, we have felt that the question merited discussion, because it is within the area of the problems of relationships between state and local governments with which this opinion has been concerned, and it will deserve careful consideration in future cases in that area.

There remains for consideration the contention of the appellee that the 1956 Act violated Section 51 of the Constitution in two respects: First, in that the title did not adequately or fairly express the subject of the Act; and second, in that the Act amended existing statutes without re-enacting and publishing them at length.

■ The title was "An Act establishing retirement and benefit funds for members of the police and fire departments in cities of the second class." All of the provisions of the Act *relate* to that subject. The appellee argues that the title does not give any notice that the Act contains provisions for contributions from city funds, and for investment of the pension funds, including provisions for making up deficiencies arising from investment losses. We think any reasonable person would assume from the title that the Act must contain some provisions as to the source of the pension funds established by the Act, and as to the handling of the funds. A title need not be an index or table of contents for the Act. Guthrie v. Curlin, Ky., 263 S.W.2d 240; Preston v. Clements, 313 Ky. 479, 232 S.W.2d 85. Where the title adequately expresses a general subject, any provision in the Act that is germane to or reasonably embraced within that general subject must be considered to be within the scope of the notice of subject given by the title. Hopson v. Board of Education, Ky., 280 S.W.2d 489; Talbott v. Laffoon, 257 Ky. 773, 79 S.W.2d 244. We find nothing wrong with the title to the 1956 Act.

■■ As concerns the contention that the Act amends existing statutes without setting them forth at length, the simple answer is that the Act does not purport to amend any existing statute, but merely states that it is intended to supersede certain existing statutes to the extent that they apply to second-class cities. Section 51 of the Constitution does not require that statutes which are amended or repealed merely by implication, or by the superseding effect of the later enactment, be republished and set forth at length. Link v. Commonwealth, 205 Ky. 243, 265 S.W. 804; Clark v. Commonwealth, 209 Ky. 184, 272 S.W. 430; Price v. Fox, 220 Ky. 373, 295 S.W. 433; Gross v. Fiscal Court, 225 Ky. 641, 9 S.W.2d 1006; Johnson v. Commonwealth, 291 Ky. 829, 165 S.W.2d 820; Wilson v. Bates, 313 Ky. 333, 231 S.W.2d 39.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.