**KENTUCKY MUNICIPAL LEAGUE et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF LABOR, and Associated Professional Firefighters of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Nov. 14, 1975.

W. Carl Fust, Louisville, George F. Rabe, Law Department, Lexington, Wayne Priest, Bowling Green, John S. Moremen, III, Anchorage, Carl L. Wedekind, Jr., T. Kennedy Helm, III, Stites, McElwain & Fowler, Louisville, L. P. Lawton, Henderson, John Arnett, Elizabethtown, Donald C. Wintersheimer, Covington, for appellants.

E. H. Tingle, Asst. Counsel, Earl M. Cornett, Gen. Counsel, Dept. of Labor, Frankfort, for appellee, Department of Labor.

Herbert L. Segal, John Frith Stewart, Linda J. Wallbaum, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellee, Associated Professional Firefighters of Kentucky.

GARDNER, Commissioner.

This action for a declaration of rights was brought by Kentucky Municipal League, Lexington-Fayette Urban County Government, and a city of each of the six classes against Commonwealth of Kentucky, Department of Labor, and Associated Professional Firefighters of Kentucky. Plaintiffs, now appellants, attacked the constitutionality of House Bill 477 (KRS Chapter 337), passed by the 1974 General Assembly, focusing particularly on section 2 which provides:

"(1) Except as may otherwise be provided pursuant to this Act, every employer shall pay to each of his employes wages at a rate of not less than $1.30 an hour, beginning July 1, 1974 increasing to $1.60 an hour, beginning January 1, 1975."

and section 3 which provides:

"No employer shall employ any of his employes for a work week longer than forty hours, unless such employe receives compensation for his employment in excess of forty hours in a work week at a rate of not less than one and one-half times the hourly wage rate at which he is employed. This provision does not apply to employes of retail stores engaged in work connected with selling, purchasing and distributing merchandise, wares, goods, articles or commodities or to employes of restaurant, hotel and motel operations or to employes as defined and exempted from the overtime provision of the Fair Labor Standards Act in section 213(6) of Title 29, U.S.C."

The main bone of contention surrounds overtime payments for firefighters. Appellants emphasize the fact that the act places the municipalities in a financial bind, especially since their budgets did not anticipate the increase in pay to the employees. Prior to the enactment of House Bill 477 municipalities were not subject to overtime payments to their employees. KRS 337.010.

Appellants argue first that House Bill 477 violates section 181 of the Kentucky Constitution which provides:

"The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. * * *."

In *Board of Trustees of P. & F. R. F. v. City of Paducah*, Ky., 333 S.W.2d 515 (1960), this court rejected " * * * positively and unequivocally, the theory that a right of

local self-government inheres in Kentucky municipalities." And in the opinion it was made crystal clear that a legislative act which requires a city to make contributions to a pension system for police and fire departments is a matter of general public concern, extending beyond strictly local purposes and therefore not controlled by section 181 which prevents the general assembly from imposing "taxes for the *purposes of any county, city, town or other municipal corporation * * *.*" (Emphasis added)

If House Bill 477 applied only to firefighters we would have no difficulty in accepting *Board of Trustees of P. & F. R. F. v. City of Paducah,* supra, as authority for upholding the act. The provisions for minimum wages and overtime payments, however, apply to all employees (with enumerated exemptions) regardless of whether they are engaged in work of state-wide concern or of purely local concern.

■ It is a well-established rule that portions of a statute which are constitutional may be upheld while other portions are eliminated as unconstitutional. See *Stovall v. Gartrell,* Ky., 332 S.W.2d 256 (1960); *Sanitation Dist. No. 1 of Jefferson County v. Campbell,* Ky., 249 S.W.2d 767 (1952); *Reynolds Metal Co. v. Martin,* 269 Ky. 378, 107 S.W.2d 251 (1937); *Berea College v. Commonwealth,* 123 Ky. 209, 94 S.W. 623 (1906). KRS 446.090 provides:

"It shall be considered that it is the intent of the general assembly, in enacting any statute, that if any part of the statute be held unconstitutional the remaining parts shall remain in force, unless the statute provides otherwise, or unless the remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the general assembly would not have enacted the remaining parts without the unconstitutional part, or unless the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the intent of the general assembly."

■ Although the statute speaks of "any *part*" and "*remaining parts,*" we construe the statute as not confining the severability aspect to different literary sentences or paragraphs but as applying it to various subjects in the act. See *Stovall v. Gartrell,* supra, wherein we upheld an act levying a tax on all retail sales but said that insofar as the act related to taxes on motor fuels it was unconstitutional as violating section 230 of the Kentucky Constitution, and *Reynolds Metal Co. v. Martin,* supra, wherein we upheld an act placing an income tax on residents of Kentucky although the act was invalid as it applied to federal office holders.

That the legislature intended to have the act apply to municipal workers engaged in work of state-wide concern, even if other municipal employees were excluded, is clear where the act itself, section 12, provides: "If any provision of this Act, or the application thereof to any person or circumstance is held invalid, the remainder of the Act and the application thereof, to persons or circumstances shall not be affected thereby."

■ The issue then is whether there is any valid reason why the intention of the legislature should not be carried out. We know of none. As stated above, it has been determined previously by this court that firefighters are engaged in work of state-wide concern and section 181 of the Kentucky Constitution is not applicable as to them. Since it was the expressed intent of the legislature that if the act was invalid as to some employees it nevertheless would apply to others, we believe the act is applicable to firefighters as well as other municipal employees, not exempt from the act, who are engaged in work of state-wide concern. The only employees who are made parties to the action or who have been singled out in the proceedings are firefighters, thus we are not called on to decide what other municipal employees are covered by the act.

■ Appellants argue that House Bill 477 violates section 2 of the Kentucky Constitution which provides: "Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."[1] Appellants point out that KRS 95.275 and KRS 95.500 require that city fire departments be divided into three platoons and that "Each platoon shall be on duty for twenty-four (24) consecutive hours, after which the platoon serving twenty-four (24) hours shall be allowed to remain off duty for forty-eight (48) consecutive hours, except in cases of dire emergency." The result is that the firefighters are on duty from 48 to 72 hours per week, and appellants contend that these statutes, coupled with House Bill 477, place an unconscionable financial burden on the cities. The fact that the statutes when read together might require the municipalities to increase the pay of their employees—indeed that is a natural result contemplated by the act—or the fact that the budgets for the ensuing fiscal year did not include the increase in pay, does not per se constitute the exercise of absolute or arbitrary power over the municipalities. The term "absolute and arbitrary power" can become meaningful only as it is considered in the light of the facts of a particular case. While the evidence in the instant case points to the fact that some of the municipalities might have to "dig deep" to meet the wage increases, it is our opinion that the obligation does not result in absolute and arbitrary power being exercised over them.

■ Another argument advanced by appellants is that House Bill 477 relates to multiple subjects which are not expressed in the title of the act in violation of section 51 of the Kentucky Constitution. The bill is entitled "AN ACT relating to minimum wage." They point to the fact that there is nothing in the title about overtime pay. We believe that at the present stage in the development of wage and hour laws, over-time pay is so generally considered a probable adjunct of "minimum wage" that a person would be on reasonable notice that overtime pay might be included in the act. We see no merit in appellants' further argument that since the prior law exempted municipalities, the title to the present act was insufficient to apprise the municipalities that they were included. We know of no authority in support of the argument.

■ The argument that House Bill 477 usurps legislative authority of municipalities is untenable. In the absence of a constitutional provision safeguarding it to them, municipalities have no right of self-government which is beyond the legislative control of the state. *Callis v. Brown*, 283 Ky. 759, 142 S.W.2d 675 (1940). See also *Board of Trustees of P. & F. R. F. v. City of Paducah*, supra, and *Allen v. Hollingsworth*, 246 Ky. 812, 56 S.W.2d 530 (1933).

■ Appellants' final contention is that the act constituted an invalid delegation of legislative authority under Const. sections 27 and 28. It is insisted that the legislation does not prescribe sufficient standards. Section 4 of House Bill 477 provides:

"Regulations issued by the Commissioner under this Act may include, but are not limited to, regulations defining and governing bona fide executive, administrative or professional employes; regulations governing learners, apprentices, handicapped workers, sheltered workshop employes, and students, regulations governing outside salesmen; bonuses; part-time rates; special pay for special or extra work; allowances as part of the wage rates applicable under this Act for board, lodging and gratuities; other facilities or services furnished by employers and used by employes; and other special items usual in a particular employer-employe relationship."

Of necessity in legislation of this nature the administrative agency must be given wide

1. This court has construed "freemen" to include municipalities. See *Sanitation Dist.* *No. 1 v. City of Louisville*, 308 Ky. 368, 213 S.W.2d 995 (1948).

discretion. Cf. *Butler v. United Cerebral Palsy of Northern Ky., Inc.*, Ky., 352 S.W.2d 203 (1961). We do not believe the standards in the present instance were inadequate or overly permissive. Regulations promulgated by the commissioner as well as other acts of the commissioner, of course, are subject to judicial review. Section 5 of House Bill 477.

The judgment is affirmed insofar as it upholds the constitutionality of House Bill 477 as it relates to firefighters and other municipal employees engaged in work of state-wide concern.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, STEPHENSON and STERNBERG, JJ., concur.

